700 So.2d 172 (1997)
Richard FOX and Edmond Reid, Appellants,
v.
STATE of Florida, Appellee.
Nos. 96-0601, 96-2433.
District Court of Appeal of Florida, Fourth District.
October 15, 1997.
*173 Richard L. Jorandby, Public Defender, and Marcy K. Allen, Assistant Public Defender, West Palm Beach, for appellants.
Robert A. Butterworth, Attorney General, Tallahassee, and James J. Carney, Assistant Attorney General, West Palm Beach, for appellee.
POLEN, Judge.
Edmond Reid and Richard Fox are two of five defendants whose cases were consolidated below for the purpose of presenting motions to dismiss attacking the constitutionality of section 316.1935(2), Florida Statutes (1995), Florida's Aggravated Fleeing statute. The trial court upheld the constitutionality of the statute, after which Reid and Fox pled no contest, expressly reserving the right to appeal the denial of their motions. We consolidate these cases for opinion purposes and affirm Judge Taylor's well-reasoned order, in keeping with the Second District's opinion in State v. Barnes, 686 So.2d 633 (Fla. 2d DCA 1996), rev. denied, 695 So.2d 698 (Fla.1997), which we adopt.
Section 316.1935 provides in pertinent part:
316.1935 Fleeing or attempting to elude a law enforcement officer; aggravated fleeing and eluding
(1) It is unlawful for the operator of any vehicle, having knowledge that he or she has been directed to stop such vehicle by a duly authorized law enforcement officer, willfully to refuse or fail to stop the vehicle in compliance with such directive or, having stopped in knowing compliance with the directive, willfully to flee in an attempt to elude the officer, and a person who violates this subsection shall, upon conviction, be punished by imprisonment in the county jail for a period not to exceed 1 year, or by fine not to exceed $1,000, or by both such fine and imprisonment.
(2) Any person who, in the course of unlawfully fleeing or attempting to elude a law enforcement officer in an authorized law enforcement patrol vehicle with agency insignia and other jurisdictional markings prominently displayed on the vehicle with siren and lights activated pursuant to subsection (1), having knowledge of an order to stop by a duly authorized law enforcement officer, causes the law enforcement officer to engage in a high-speed vehicle pursuit commits a felony of the third degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.
§ 316.1935, Fla. Stat. (1995).
In upholding the constitutionality of this statute, the Barnes court began by recognizing it was confronted with a constitutional vagueness challenge to a criminal statute in which First Amendment interests were not implicated. Barnes, 686 So.2d at 636. Under these circumstances the constitutional challenge is examined on an as-applied basis, in light of the facts at hand. Id. "A plaintiff who engages in some conduct that is clearly proscribed cannot complain of the vagueness of the law as applied to the conduct of others." State v. Kahles, 644 So.2d 512 (Fla. 4th DCA 1994), decision approved 657 So.2d 897 (Fla.1995) (quoting Village of Hoffman Estates v. Flipside, Hoffman Estates, Inc., 455 U.S. 489, 102 S.Ct. 1186, 71 L.Ed.2d 362 (1982)).[1]
*174 As was the case in Barnes, our analysis begins and ends with consideration of the defendants' conduct. Suspected of having committed an armed robbery, Reid was one of five males in a vehicle fleeing from an officer who had his emergency lights activated, at times reaching speeds between twenty and thirty miles per hour over the posted limit. Reid's vehicle crashed through a gate, struck a median, blew out its front left tire, and continued at speeds at least fifteen miles per hour over the posted limit while driving on a sparking rim.
Fox was pace-clocked on a motorcycle traveling beside another motorcycle on I-595 attaining speeds in excess of twenty miles per hour over the posted limit. In response to a motorcycle officer's pursuit with lights, siren, and flashing headlights activated, Fox and his companion attained speeds of 95 to 100 miles per hour and separated their motorcycles, traveling in different lanes. Fox eventually became boxed-in when vehicles began to scatter, and stopped.
We agree with the trial court's determination both defendants' conduct fell squarely within the statute. Therefore, neither Reid nor Fox may complain of section 316.1935(2)'s potential vagueness as applied to the hypothetical conduct of others. Barnes, 686 So.2d at 637. The vagueness challenge brought by these two defendants must fail.
The trial court noted "some legitimate concern for the potential, however, slight, for the arbitrary enforcement of the law," based on testimony revealing a lack of uniformity among the various law enforcement agencies regarding the precise motorist conduct and circumstances that would lead to a high speed pursuit. Although this concern does not affect the outcome of the instant appeals, the trial court's concern is well-taken and we agree with her recommendation the legislature "enact laws setting forth statewide uniform standards and guidelines for the initiation of high speed chases which would be construed in pari materia with the Aggravated Fleeing Statute."
AFFIRMED.
PARIENTE and GROSS, JJ., concur.
NOTES
[1] We expressly reject the suggestion Kolender v. Lawson, 461 U.S. 352, 103 S.Ct. 1855, 75 L.Ed.2d 903 (1983) implicitly removed the "as applied" analysis from a court's examination of a vagueness challenge. The Supreme Court continues to examine vagueness challenges in light of a defendant's conduct, recognizing that the theoretical possibility of improper enforcement "is of no due process significance unless the possibility ripens into a prosecution." Posters `N' Things, Ltd. v. United States, 511 U.S. 513, 114 S.Ct. 1747, 128 L.Ed.2d 539 (1994) (quoting Hoffman Estates, 455 U.S. at 503-04, n. 21, 102 S.Ct. at 1195-96, n. 21).