THOMPSON, Judge.
John Basil Keough appeals his conviction for aggravated fleeing and eluding. We affirm.
Keough was convicted of aggravated fleeing and eluding, which is proscribed by section 316.1935(2), Florida Statutes:
(2) Any person who, in the course of unlawfully fleeing or attempting to elude a law enforcement officer in an authorized law enforcement patrol vehicle with agency insignia and other jurisdictional markings prominently displayed on the vehicle with siren and lights activated pursuant to subsection (1), having knowledge of an order to stop by a duly authorized law enforcement officer, causes the law enforcement officer to engage in a high-speed vehicle pursuit commits a felony of the third degree, punishable as provided in Sec. 775.082, Sec. 775.083, or Sec. 775.084.
Keough contends that section 316.1935(2) is unconstitutionally vague because there is no definition of “high speed,” and because “causes the law enforcement officer to engage,” is not explained. In addition, he argues that the subsection denies due process because it assigns criminal liability to a defendant for the actions of a law enforcement officer. We disagree.
During an investigatory stop by deputies, Keough raced his Chevrolet Camaro out of *667 the open gate of an otherwise enclosed water treatment plant compound, and fishtailed his way past one of the deputies, who testified that he would have been hit if he had not moved out of the way of Keough’s car. A chase ensued that involved speeds as high as 118 m.p.h., and which ended forty miles later after “stop sticks” deflated Keough’s tires, causing him to fail to negotiate a turn, hit a pole, and land in a river. Based on these facts, and on Travis v. State, 700 So.2d 104 (Fla. 1st DCA 1997), Fox v. State, 700 So.2d 172 (Fla. 4th DCA 1997), and State v. Barnes, 686 So.2d 683 (Fla. 2d DCA 1996), with which we agree, we hold that Keough has failed to show that section 316.1935(2) is constitutionally infirm.
AFFIRMED.
DAUKSCH and PETERSON, JJ., concur.