724 So.2d 626 (1998)
Theresa SIENIARECKI, Appellant,
v.
STATE of Florida, Appellee.
No. 98-0997
District Court of Appeal of Florida, Fourth District.
December 30, 1998.
Richard L. Jorandby, Public Defender, and Joseph R. Chloupek, Assistant Public Defender, West Palm Beach, for appellant.
*627 Robert A. Butterworth, Attorney General, Tallahassee, and Ettie Feistmann, Assistant Attorney General, West Palm Beach, for appellee.
PER CURIAM.
Pursuant to section 825.102(3), Florida Statutes (1997), appellant was convicted of neglect of a disabled person arising from the death of her mother. She appeals her conviction on several grounds, none of which we find meritorious. We affirm.
Appellant first contends that sections 782.07(2) and 825.102(3)(a), Florida Statutes (1997), are facially unconstitutional because they do not contain a specific intent requirement and thereby violate due process by imposing an affirmative duty upon appellant to act, while penalizing her failure to comply.[1] It is well established that statutes are presumptively constitutional. See Brown v. State, 629 So.2d 841, 843 (Fla.1994). In addition, the Legislature has the "power to dispense with the element of intent and thereby punish particular acts without regard to the mental attitude of the offender." State v. Oxx, 417 So.2d 287, 289 (Fla. 5th DCA 1982). In State v. Gruen, 586 So.2d 1280, 1282 (Fla. 3d DCA 1991), the third district held that a statute which penalizes the failure to act without containing an element of specific intent will withstand a due process attack if neglecting to take action under the circumstances would alert a reasonable person to recognize the consequence of his or her deeds. Similarly, in the present case, the sections at issue regarding the neglect of the elderly or disabled do not punish mere presence, or wholly passive conduct, but rather penalize the failure of a person to provide basic food, shelter, clothing and medical needs, only where he or she has assumed such a duty. For the above reasons, we hold that the statutes are not facially unconstitutional as violating due process.
Appellant next argues that the above sections are unconstitutionally vague. We have held that the challenge of a statute for vagueness will not prevail where the record establishes that the appellant engaged in conduct clearly proscribed by the meaning of the statute. See Wilburn v. State, 23 Fla. L. Weekly D1544, D1544 (Fla. 4th DCA June 24), rev. denied, 719 So.2d 894 (Fla.1998). We think the evidence at trial clearly showed that appellant's conduct fell squarely within the conduct proscribed by the statutes at issue. Thus, appellant's vagueness claim must fail.
Appellant's final claim on appeal is that section 782.07(2) violates her mother's right to privacy embodied in Article I, section 23 of the Florida Constitution. Specifically, *628 she asserts that her mother had the right to refuse medical treatment, and as a result appellant cannot be convicted of neglect for failure to provide proper medical attention. However, "constitutional rights are personal in nature and generally may not be asserted vicariously." State v. Long, 544 So.2d 219, 221 (Fla. 2d DCA 1989), cert. denied, 501 U.S. 1250, 111 S.Ct. 2888, 115 L.Ed.2d 1054 (1991). Accordingly, we affirm on this issue.
AFFIRMED.
STONE, C.J., GUNTHER and WARNER, JJ., concur.
NOTES
[1] Section 782.07(2), Florida Statutes (1997), provides:

A person who causes the death of any elderly person or disabled adult by culpable negligence under s. 825.102(3) commits aggravated manslaughter of an elderly person or disabled adult, a felony of the first degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.
Section 825.102(3), Florida Statutes (1997), provides:
(3)(a) "Neglect of an elderly person or disabled adult" means:
1. A caregiver's failure or omission to provide an elderly person or disabled adult with the care, supervision, and services necessary to maintain the elderly person's or disabled adult's physical and mental health, including, but not limited to, food, nutrition, clothing, shelter, supervision, medicine, and medical services that a prudent person would consider essential for the well-being of the elderly person or disabled adult; or
2. A caregiver's failure to make a reasonable effort to protect an elderly person or disabled adult from abuse, neglect, or exploitation by another person.
Neglect of an elderly person or disabled adult may be based on repeated conduct or on a single incident or omission that results in, or could reasonably be expected to result in, serious physical or psychological injury, or a substantial risk of death, to an elderly person or disabled adult.
(b) A person who willfully or by culpable negligence neglects an elderly person or disabled adult and in so doing causes great bodily harm, permanent disability, or permanent disfigurement to the elderly person or disabled adult commits a felony of the second degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.
(c) A person who willfully or by culpable negligence neglects an elderly person or disabled adult without causing great bodily harm, permanent disability, or permanent disfigurement to the elderly person or disabled adult commits a felony of the third degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.