764 So.2d 605 (1999)
Clifford JEAN, Appellant,
v.
STATE of Florida, Appellee.
No. 98-2616.
District Court of Appeal of Florida, Fourth District.
June 16, 1999.
*606 Richard L. Jorandby, Public Defender, and Siobhan Helene Shea, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Debra Rescigno, Assistant Attorney General, West Palm Beach, for appellee.
PER CURIAM.
Appellant challenges his conviction for sale of cocaine within 1,000 feet of a place of worship, asserting that section 893.13(1)(e), Florida Statutes (1997), is facially unconstitutional under the vagueness doctrine. Contrary to the state's argument, the fact that appellant did not raise this issue in the trial court does not preclude us from addressing it on appeal. See Trushin v. State, 425 So.2d 1126, 1129 (Fla.1982); Taccariello v. State, 664 So.2d 1118, 1120 (Fla. 4th DCA 1995). However, since appellant's conduct clearly falls within the statutory prohibition, we reject his facial challenge and affirm his conviction.
At appellant's trial, two police officers testified that they were doing undercover narcotics work when they encountered appellant who sold them some drugs. A third officer, Officer Hermanson, was acting as the "cover officer" for the undercover unit. He described the area in which the drug purchase took place. He stated that there was a "regular church" less than two blocks away which conducted nightly services as well as Sunday daytime masses.
Section 893.13(1)(e) provides the following, in pertinent part:
Except as authorized in this chapter, it is unlawful for any person to sell, manufacture, *607 or deliver, or possess with intent to sell, manufacture, or deliver, a controlled substance not authorized by law in, on, or within 1,000 feet of a physical place of worship at which a church or religious organization regularly conducts religious services or within 1,000 feet of a convenience business as defined in s. 812.171.
Appellant contends that the statute is unconstitutionally vague because it fails to define "a place of worship," "a church or religious organization," or "regularly conducted religious services."
"In order to withstand a vagueness challenge, a statute must be specific enough to give persons of common intelligence and understanding adequate warning of the proscribed conduct." State v. Mitro, 700 So.2d 643, 645 (Fla.1997) (citations omitted). In State v. Kahles, 644 So.2d 512, 512-13 (Fla. 4th DCA 1994), approved, 657 So.2d 897 (Fla.1995), this court stated the following with regard to the principles to be applied in determining whether a criminal statute is facially unconstitutional:
In a facial challenge to the overbreadth and vagueness of a law, a court's first task is to determine whether the enactment reaches a substantial amount of constitutionally protected conduct. If it does not, then the overbreadth challenge must fail. The court should then examine the facial vagueness challenge and, assuming the enactment implicates no constitutionally protected conduct, should uphold the challenge only if the enactment is impermissibly vague in all of its applications. A plaintiff who engages in some conduct that is clearly proscribed cannot complain of the vagueness of the law as applied to the conduct of others. A court should therefore examine the complainant's conduct before analyzing other hypothetical applications of the law.

(quoting Village of Hoffman Estates v. Flipside, Hoffman Estates, Inc., 455 U.S. 489, 494, 102 S.Ct. 1186, 1191, 71 L.Ed.2d 362 (1982))(emphasis added)(footnotes omitted); see also Fox v. State, 700 So.2d 172, 173 n. 1 (Fla. 4th DCA 1997) ("[T]he [U.S.] Supreme Court continues to examine vagueness challenges in light of a defendant's conduct, recognizing that the theoretical possibility of improper enforcement `is of no due process significance unless the possibility ripens into a prosecution.'") (quoting Posters `N' Things, Ltd. v. U.S., 511 U.S. 513, 114 S.Ct. 1747, 128 L.Ed.2d 539 (1994) (quotation omitted)), rev. denied, 705 So.2d 901 (Fla.1998).
As section 893.13(1)(e), which concerns the possession, sale and delivery of narcotics, does not implicate constitutionally protected conduct, this court must assess whether it is "impermissibly vague in all of its applications." See Travis v. State, 700 So.2d 104, 106-07 (Fla. 1st DCA 1997). "It is well established that vagueness challenges to statutes which do not involve First Amendment freedoms must be examined in light of the facts at hand." United States v. Mazurie, 419 U.S. 544, 545, 95 S.Ct. 710, 714, 42 L.Ed.2d 706 (1975)(emphasis added). If the statute is not vague when considered under those facts, then, by definition, it cannot be vague in all of its applications. See United States v. Powell, 423 U.S. 87, 96 S.Ct. 316, 46 L.Ed.2d 228 (1975).
Consistent with these principles of constitutional analysis, this court must, in evaluating appellant's vagueness claim, examine his conduct before analyzing other applications of the statute. See Kahles, 644 So.2d at 512-13; State v. Barnes, 686 So.2d 633, 637 (Fla. 2d DCA 1996), rev. denied, 695 So.2d 698 (Fla.), and cert. denied, 522 U.S. 903, 118 S.Ct. 257, 139 L.Ed.2d 184 (1997). "If the record demonstrates that the appell[ant] engaged in some conduct clearly proscribed by the plain and ordinary meaning of the statute, then he cannot successfully challenge it for vagueness nor complain of its vagueness as applied to the hypothetical conduct of others." Barnes, 686 So.2d at 636.
Based on the evidence adduced at trial, appellant's conduct fell within the conduct proscribed by the plain meaning of section *608 893.13(1)(e). See Wilburn v. State, 763 So.2d 353 (Fla. 4th DCA 1998) (where statute provides adequate notice that appellant's conduct is unlawful, the statute is not unconstitutionally vague on its face because it is not vague in all of its applications), rev. denied, 719 So.2d 894 (Fla. 1998); Sieniarecki v. State, 724 So.2d 626, 627 (Fla. 4th DCA 1998) ("the challenge of a statute for vagueness will not prevail where the record establishes that the appellant engaged in conduct clearly proscribed by the meaning of the statute"). The state presented Officer Hermanson's testimony with regard to the subject church. He testified that it was a "regular" church, which held nightly services as well as Sunday services. Appellant presented no evidence on this issue at all. We find the state's evidence sufficient to show that appellant's conduct clearly fell within the statutory prohibition. Thus, because section 893.13(1) is not impermissibly vague in all of its applications, as demonstrated by the record in this case, it is facially constitutional.
Insofar as appellant's conduct fell clearly within the statutory prohibition, his vagueness claim grounded upon the due process clause is also unavailing in that "objections to vagueness under the Due Process Clause rest on the lack of notice, and hence may be overcome in any specific case where reasonable persons would know that their conduct is at risk." Maynard v. Cartwright, 486 U.S. 356, 361, 108 S.Ct. 1853, 1857, 100 L.Ed.2d 372 (1988) (emphasis added); see also State v. Hamilton, 388 So.2d 561, 562 (Fla.1980) (defendant whose conduct clearly falls within statutory prohibition cannot complain of absence of notice).
We affirm the conviction and judgment.
WARNER, STEVENSON and TAYLOR, JJ., concur.