STEVENSON, J.
Bruce W. Gabbard, the appellant, contends that section 322.34(2), Florida Statutes, which prescribes increasingly severe punishment for successive convictions of driving with a suspended license, is unconstitutionally vague. Gabbard argues that the statute’s failure to define “conviction,” combined with this court’s decision that a withheld adjudication is a “conviction” under the statute,[1] renders the statute vague by failing to provide the average person with notice of the proscribed conduct. The record reveals, however, that, at the time of his plea, Gabbard had twelve prior convictions in the “commonly accepted” meaning of the word, i.e., adjudications of guilt. Thus, since Gabbard’s conduct falls within the scope of that clearly prohibited by the statute, he lacks standing to raise this constitutional challenge. See Jean v. State, 24 Fla. L. Weekly D1392, — So.2d -, 1999 WL 393477 (Fla. 4th DCA June 16,1999).
AFFIRMED.
WARNER, C.J., and FARMER, J., concur.

. See State v. Keim, 720 So.2d 1085 (Fla. 4th DCA), review granted, 718 So.2d 168 (Fla. 1998).