PER CURIAM.
We affirm Appellant’s conviction and sentence for the sale of cocaine within 1000 feet of a house of worship. There was testimony at trial that the sale occurred within 158 feet, or less, of the Salem Haitian Lutheran Church, and that religious *1120 services are regularly conducted at the church. As in Jean v. State, 764 So.2d 605 (Fla. 4th DCA 1999), Appellant’s conduct fell within that proscribed by the plain meaning of section 893.13(l)(e), Florida Statutes; hence, he may not “successfully challenge the statute for vagueness nor complain of its vagueness as applied to the hypothetical conduct of others.” Id. at 607; see also Rice v. State, 754 So.2d 881 (Fla. 5th DCA 2000). Appellant’s argument that the statute’s lack of definition of the term “physical place for worship” makes it susceptible of arbitrary enforcement is simply an additional challenge based on vagueness. We also affirm as to the evidentiary issue raised, as it was not preserved.
GUNTHER, STONE, and FARMER, JJ., concur.