814 So.2d 1255 (2002)
David Lamont WALLACE, Appellant,
v.
STATE of Florida, Appellee.
No. 5D01-2838.
District Court of Appeal of Florida, Fifth District.
May 3, 2002.
*1256 James B. Gibson, Public Defender, and Kevin R. Holtz, Assistant Public Defender, Daytona Beach, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Lamya A. Henry, Assistant Attorney General, Daytona Beach, for Appellee.
COBB, J.
David Wallace appeals his conviction of sale and delivery of cocaine within 1,000 feet of a place of worship pursuant to sections 893.13(1)(e)1, Florida Statutes (2000), which provides:
(e) Except as authorized by this chapter, it is unlawful for any person to sell, manufacture, or deliver, or possess with intent to sell, manufacture, or deliver, a controlled substance not authorized by law in, on, or within 1,000 feet of a physical place for worship at which a church or religious organization regularly conducts religious services or within 1,000 feet of a convenience business as defined in s. 812.171. Any person who violates this paragraph with respect to:
1. A controlled substance named or described in s. 893.03(1)(a), (1)(b), (1)(d), (2)(a), (2)(b), or (2)(c)4., commits a felony of the first degree, punishable as provided in s. 775.082, s. 775.093, or s. 775.084.
The testimony at trial by the arresting officer, Garcia, was as follows:
Q. Is there a church nearby?
A. Yes, two churches within a thousand feet.
Q. What are the names of the churches?
A. Hust Church; and the other one is the Church of God, located at 910 West Livingston.
Q. Both Christian based Churches?
A. I believe so.
Q. Have you ever attended services?
A. I have not.
Q. Are you aware if services go on?
A. Yes, sir.
Q. Can you tell this jury, give an estimate of how far away the church is where you purchased the cocaine?
A. In this case if you look in the background you can actually see the church steeples so it's less than a hundred feet on the intersection of Beech and Bentley on the Northwest Corner.
Wallace argues on appeal that the foregoing colloquy was insufficient to establish all of the statutory elements of the crime for which he was convicted. There was no other testimony or evidence adduced by the state to sustain the charge.
*1257 We agree that the state failed to sufficiently prove the statutory elements. Garcia's testimony, which the state relied upon in lieu of that of church members who failed to appear for trial, failed to establish that the named churches regularly conducted religious services. Garcia merely testified that he was aware (in some fashion) that services "go on" in these two named churches, but there is no specification as to whether these services are religious in nature or how often they occur. The testimony in this case is in sharp contrast to that adduced in Jean v. State, 764 So.2d 605 (Fla. 4th DCA 1999) wherein the officer testified there was a "regular church" which conducted nightly services as well as Sunday daytime masses.
REVERSED AND REMANDED for entry of judgment and sentence for the necessarily lesser included offense of sale of a controlled substance pursuant to section 893.13(1)(a)1, Florida Statutes (2000).
PALMER and ORFINGER, R.B., JJ., concur.