830 So.2d 876 (2002)
Kenta S. HILL, Appellant,
v.
STATE of Florida, Appellee.
No. 5D02-320.
District Court of Appeal of Florida, Fifth District.
October 18, 2002.
Rehearing Denied November 21, 2002.
James B. Gibson, Public Defender, and Thomas J. Lukashow, Assistant Public Defender, Daytona Beach, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Allison Leigh Morris, Assistant Attorney General, Daytona Beach, for Appellee.
ORFINGER, R.B., J.
Kenta S. Hill appeals his conviction of principal to sale and delivery of a controlled substance within 1,000 feet of a place of worship pursuant to sections 893.13(1)(e) and 777.011, Florida Statutes (2001). Because we find that the State *877 failed to sufficiently prove one of the statutory elements of the offense, we reverse Hill's conviction and remand the matter for the entry of a judgment for the lesser included offense of principal to sale or delivery of a controlled substance.
On appeal, the sole issue is whether the State adequately proved that the drug transaction occurred within 1,000 feet of a place of worship at which regularly conducted religious services were held. The testimony at trial by the arresting officer, Daniel Clay, was as follows:
Q And were you the case agent for a narcotics purchase that took place at 404 South Delaware in DeLand on April 4th?
A Yes.
Q Do you have personal knowledge as to whether 404 South Delaware is within a thousand feet of a place of worship?
A Yes, it is.
Q Can you tell the jury what place of worship you're referring to.
* * *
A It's Royal Temple Free M.E. Church.
Q Okay. And do you have personal knowledge of the distance between 404 South Delaware and that church?
A Yes, I do.
Q What is that distance?
A It's approximately, from the front door of the church to the front door of that residence is approximately 690 feet.
* * *
Q And do you have personal knowledge as to whether or not that church is, back in April washad church services?
A Yes, it did.
Q As a place of worship?
A Yes, it did.
* * *
Q You've attended this church?
A No, I have not.
Q Been inside it?
A Yes, I have.
Q During church services?
A Not actual church services. They were doing something for the children that night.
Q You've never been present when religious services were ongoing; is that correct?
A Actually inside for the service, no, sir.
The State introduced no other evidence regarding this element of the crime. Hill argues, as he did below, that the foregoing testimony was insufficient to establish beyond a reasonable doubt that the drug transaction occurred "within 1,000 feet of a physical place for worship at which a church or religious organization regularly conducts religious services," as required by section 893.13(1)(e).
We agree that the State failed to sufficiently prove this statutory element beyond a reasonable doubt. Clay testified that he was aware that the church had "church services" as a "place of worship." However, Clay never attended or observed services at the church, and offered no testimony as to how regularly these "church services" occurred. Thus, Clay's testimony failed to establish that the church regularly conducted religious services. See Wallace v. State, 814 So.2d 1255 (Fla. 5th DCA 2002) (holding that arresting officer's testimony that he was aware that services "go on" in a church was insufficient). Like any element of an offense, this element must be proved beyond a reasonable doubt. That was not done here.
For the foregoing reasons, we reverse Hill's conviction and remand this matter for entry of a judgment and sentence for *878 the lesser included offense of principal to sale or delivery of a controlled substance pursuant to sections 893.13(1)(a)1. and 777.011, Florida Statutes (2001).
REVERSED AND REMANDED.
COBB and SHARP, W., JJ., concur.