917 So.2d 1043 (2006)
Eddie McHOLDER, Appellant,
v.
STATE of Florida, Appellee.
No. 5D04-3957.
District Court of Appeal of Florida, Fifth District.
January 13, 2006.
James S. Purdy, Public Defender, and Kevin R. Holtz, Assistant Public Defender, Daytona Beach, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Mary G. Jolley, Assistant Attorney General, Daytona Beach, for Appellee.
*1044 ORFINGER, J.
Eddie McHolder appeals from his conviction for sale of a controlled substance (cocaine) within 1,000 feet of a place of worship in violation of section 893.13(1)(e)1., Florida Statutes (2003), and possession of a controlled substance (cocaine) with intent to sell or deliver within 1,000 feet of a place of worship in violation of sections 893.03(2)(a)4. and 893.13(1)(e)1., Florida Statutes (2003).[1] On appeal, he argues that the trial court erred: (1) in convicting him of possession of cocaine with intent to sell when the State did not introduce the cocaine into evidence; and (2) by denying his motion for judgment of acquittal because the State did not present sufficient evidence to prove that he possessed and sold cocaine within 1,000 feet of a church that regularly conducts religious services. We find no merit and affirm.
At trial, Officer Norman Little testified that he was working undercover in Mt. Dora looking to purchase illegal narcotics. He went into a parking lot and was approached by several persons, including McHolder, who showed him crack cocaine. Officer Little told the men that he wanted *1045 $40 worth, and purchased crack cocaine from someone other than McHolder. However, Officer Little told McHolder that he would return and purchase $40 worth of crack cocaine from him. Officer Little did return later and purchased $40 worth of crack cocaine from McHolder. Videotapes of the two transactions were admitted at trial. The cocaine that Officer Little purchased from McHolder was tested by FDLE and admitted as evidence.
Officer Patrick Flanary testified that the House of God Church was 438 feet from the parking lot where the transaction took place. Officer Flanary indicated that this church conducted regular worship services as he had observed people entering and leaving the church on Sunday mornings in their church attire at regular times. Officer Brad Cline testified that he had visited the House of God Church. He stated that he often observed vehicles parked behind the church and persons in suits and dresses going in and out of the church at regular times. Officer Cline provided the physical location of the church. Photographs of the church and the church sign were admitted as evidence. The sign listed the times and days for services as follows, "Services: Sunday, Bible School 9:30 a.m., morning 11:30 a.m., and evening 6:00 o'clock p.m., and Tuesday and Thursday 7:30 p.m."
At the close of the State's evidence, McHolder's counsel moved for a judgment of acquittal, asserting that the State did not present sufficient evidence of regularly conducted religious services. The trial court denied the motion. The jury returned guilty verdicts on both counts. This appeal followed.
First, McHolder argues that his due process rights were violated by his conviction of possession of cocaine with intent to sell because the State never introduced the cocaine evidence at trial. Because this argument was not made to the trial court, it was not preserved for appellate review. In any event, it lacks merit. In G.E.G. v. State, 417 So.2d 975, 977 (Fla.1982), the Florida Supreme Court held that when a defendant is charged with possession of a controlled substance, that substance, if available, must be introduced into evidence, but that a defendant who fails to object to its non-introduction may not complain of the error on appeal. The court said, "[W]e eschew the extreme posture of raising to the level of fundamental error the failure to introduce a substance. We therefore require a defense objection to the nonintroduction." Id. at 978; see Fletcher v. State, 472 So.2d 537, 539 (Fla. 5th DCA 1985) (finding that it was not fatal to the prosecution for attempted robbery with a weapon to not introduce weapon when weapon was not found). On the merits, the possession with intent to sell charge arose from McHolder's first contact with the police, when he showed cocaine to the undercover officer and offered to sell it to him. Because the transaction was not completed, the cocaine was never in the possession of the police. As a result, it was not available to be introduced in evidence. See G.E.G.; see also Watson v. State, 18 Md.App. 184, 306 A.2d 599 (1973) (holding that failure to introduce the marijuana possessed is irrelevant to the validity of a conviction for possession of marijuana provided there is testimony to establish the nature of the material possessed).
McHolder also argues that the trial court erred in denying his motion for judgment of acquittal because the State did not present sufficient evidence to prove that he possessed and sold cocaine within 1,000 feet of a "physical place for worship at which a church or religious organization regularly conducts religious services" pursuant *1046 to section 893.13(1)(e), Florida Statutes (2004).
A trial court's ruling on the motion for judgment of acquittal is subject to de novo review. Pagan v. State, 830 So.2d 792, 803 (Fla.2002); Sutton v. State, 834 So.2d 332, 334 (Fla. 5th DCA 2003). A motion for judgment of acquittal should be denied if the State presents competent evidence to establish each element of the offense. Sutton, 834 So.2d at 334; L.C. v. State, 799 So.2d 330 (Fla. 5th DCA 2001). In moving for a judgment of acquittal, a defendant admits not only the facts stated in the evidence, but also every reasonable conclusion favorable to the State that the trier of fact might fairly infer from the evidence. Lynch v. State, 293 So.2d 44 (Fla.1974); Espiet v. State, 797 So.2d 598 (Fla. 5th DCA 2001). It is the trial judge's duty to review the evidence to determine the presence or absence of competent evidence from which the trier of fact could infer guilt to the exclusion of all other reasonable inferences. "If, after viewing the evidence in the light most favorable to the State, a rational trier of fact could find the existence of the elements of the crime beyond a reasonable doubt, sufficient evidence exists to sustain a conviction." Pagan, 830 So.2d at 803 (citing Banks v. State, 732 So.2d 1065 (Fla.1999) ).
Here, the State sufficiently proved the sale occurred within 438 feet of the House of God Church, and that religious services are regularly conducted at the church. For instance, Officer Flanary testified that the House of God Church was 438 feet from the parking lot where the transaction took place. He further indicated that this church conducted regular worship services as he had observed people entering and leaving the church on Sunday mornings in their church attire at regular times. In addition, Officer Cline testified that he had visited the House of God Church. He indicated that he often observed vehicles parked behind the church and persons in suits and dresses going in and out of the church at regular times. Moreover, photographs of the church and a church sign listing the times and days of worship were admitted as evidence. In particular, the sign listed the times and days for services as follows, "Services: Sunday, Bible School 9:30 a.m., morning 11:30 a.m., and evening 6:00 o'clock p.m., and Tuesday and Thursday 7:30 p.m." Construing the evidence and the inferences that could be drawn from the facts in a light most favorable to the State, we conclude that the trial court properly denied the motion for judgment of acquittal as the testimony established that the church regularly conducted religious services. See Jean v. State, 764 So.2d 605 (Fla. 4th DCA 1999) (holding that officer's testimony established that the drugs were sold near named church that regularly conducted religious services where officer testified that there was a "regular church" that conducted nightly services as well as Sunday daytime masses); see also Jenkins v. State, 791 So.2d 1119, 1119-20 (Fla. 4th DCA 2000) (finding that testimony that sale occurred within 158 feet or less of Salem Haitian Lutheran Church and that religious services were regularly conducted at the church was more than sufficient to overcome any vagueness challenge to the statute).
The facts of this case are distinguishable from Hill v. State, 830 So.2d 876 (Fla. 5th DCA 2002), and Wallace v. State, 814 So.2d 1255 (Fla. 5th DCA 2002), both relied on by McHolder. In Hill, the officer testified that he had personal knowledge that the church, located within 1,000 feet of where the drug transaction took place, had church services and was a place of worship. This Court determined that this testimony, by itself, was insufficient to *1047 show that church regularly conducted religious services as the officer had never attended the church or ever been inside the church during church services. 830 So.2d at 876. Further, in Wallace, this Court determined that the evidence was not sufficient to support a conviction of sale and delivery of cocaine within 1,000 feet of a place of worship because while the police officer testified that he was aware that services went on, the officer did not specify whether the services were religious in nature or how often they occurred. 814 So.2d at 1257. Unlike Hill and Wallace, here, the State offered first-hand observations of persons regularly attending the church at the posted times of worship. Thus, we conclude that McHolder's reliance on these two cases is misplaced since there was specific evidence regarding the regularly conducted religious services at the named church.
AFFIRMED.
GRIFFIN and THOMPSON, JJ., concur.
NOTES
[1] The charges arose from separate incidents.