ALTENBERND, Judge.
Sandy Antonio Moore appeals his judgment and sentence for possession of cocaine with intent to sell within one thousand feet of a church. We reverse the judgment and remand for entry of a judgment for the lesser-included offense of possession of cocaine with intent to sell. The reversal requires that we also reverse the sentence and remand for resentencing.
A Winter Haven police officer witnessed Mr. Moore selling cocaine to another man on Sears Avenue on October 30, 2007. This location is around the corner from the New Hope Missionary Baptist Church. The State anticipated calling a witness from the church to testify about services at the church, but the witness did not attend the trial. As a result, the only witness available to testify for the State about the church was the police officer. He was able to state that he had seen people coming and going from the church on Sundays, but he had last seen this activity a year before this offense.
Section 893.13(l)(e), Florida Statutes (2007), provides that it is a first-degree felony to sell cocaine within one thousand feet of “a physical place of worship at which a church or religious organization regularly conducts religious services.” We acknowledge that a police officer with sufficient familiarity with a particular church can provide evidence that it is regularly conducting services even when the officer does not attend those services. See McHolder v. State, 917 So.2d 1043, 1046-47 (Fla. 5th DCA 2006). Thus, it is not essential for the State to provide evidence from a church member or leader. Nevertheless, we conclude that this case is controlled by the decisions in Wallace v. State, 814 So.2d 1255 (Fla. 5th DCA 2002), and Hill v. State, 830 So.2d 876 (Fla. 5th DCA 2002), in which the testimony of police officers was insufficient to establish this element of the offense. In the timeframe when the offense occurred, the officer in this case could not provide evidence that the church was regularly conducting religious services.
Accordingly, we reverse the judgment and sentence for this first-degree felony and remand for entry of a judgment and sentence for the necessarily lesser-included offense of possession with intent to sell cocaine, which is a second-degree felony. See § 893.13(1)(a)(1), Fla. Stat. (2007); see also Tribbitt v. State, 984 So.2d 624, 626 n. 2 (Fla. 2d DCA 2008).
Reversed.
CASANUEVA, C.J., and WHATLEY, J., Concur.