DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT
*July Term 2014*

**PAUL DAVID WILDER,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D13-1865

[July 30, 2014]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, Indian River County; Robert L. Pegg, Judge; L.T. Case No. 312011CF001425B.

Antony P. Ryan, Regional Counsel, and Louis G. Carres, Special Assistant Conflict Counsel, Office of Criminal Conflict and Civil Regional Counsel, West Palm Beach, for appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and Laura Fisher, Assistant Attorney General, West Palm Beach, for appellee.

STEVENSON, J.

Paul David Wilder and Neil J. Lemaster were jointly tried for the sale of oxycodone within 1,000 feet of a church and possession of oxycodone. Both were found guilty as charged. In this appeal, defendant Wilder challenges his convictions. While defendant raises two issues on appeal, we find merit in only one: his claim that the evidence was insufficient to support his conviction for sale of oxycodone within 1,000 feet of a church. We write solely to address this issue.

Section 893.13(1)(e)1., Florida Statutes (2011), makes it a first degree felony to "sell . . . or possess with intent to sell . . . [specified controlled substances, including oxycodone] . . . in, on, or within 1,000 feet of a physical place for worship at which a church or religious organization regularly conducts religious services." Thus, to convict a defendant of such offense, the State must present evidence establishing that, during the timeframe when the offense occurred, religious services were regularly

being conducted.  *See Moore v. State*, 18 So. 3d 715 (Fla. 2d DCA 2009) (holding evidence insufficient to convict defendant of possession of cocaine with intent to sell within 1,000 feet of a church, where officer testified he had seen people coming and going from the church on Sundays, but officer last observed the activity nearly a year before the crime); *cf. Cox v. State*, 764 So. 2d 711 (Fla. 1st DCA 2000) (holding the State was required to prove the site of the drug sale was a school when the offense took place and evidence that it was a school two years earlier was insufficient).

In the instant case, the State offered evidence that Ryanwood Fellowship Church was located within 1,000 feet of the drug sale at issue. The State, however, failed to offer evidence from which a jury could find that church services were being regularly conducted at the time of the November 2011 crime.  At the March 2013 trial, the church pastor testified that the church has regular fellowship meetings on Sundays, Wednesdays, and Thursdays.  The pastor was shown a photograph of the church, taken in September of 2012, and testified it was a fair and accurate depiction of how the church looks.  Additionally, one of the officers who conducted surveillance at the time of the undercover drug buy, testified that, at the time of the drug sale, the church was in substantially the same condition as it was in the September 2012 photographs.  None of this evidence, though, established that church services were being regularly conducted *at the time of the November 2011 crime*.  The pastor's testimony served to establish that services were being regularly conducted at the time of the 2013 trial, not at the time of the 2011 crimes.  And, the photographs established that the church looked the same at the time of trial as it did at the time of the 2011 crime, but not that services were being conducted at the time of the 2011 crime.

In the absence of such evidence, we are compelled to reverse defendant's conviction for sale of oxycodone within 1,000 feet of a church. On remand, the trial court is directed to enter a judgment of conviction for sale of oxycodone.  *See Wallace v. State*, 814 So. 2d 1255, 1257 (Fla. 5th DCA 2002) (finding evidence insufficient to prove sale and delivery of cocaine within 1,000 feet of a place of worship and remanding with instructions for entry of a judgment of conviction for sale and delivery of cocaine).

*Affirmed in part; Reversed in Part; and Remanded.*

CIKLIN and FORST, JJ., concur.

\* \* \*

*Not final until disposition of timely filed motion for rehearing.*