NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

A.B.,                                          )
                                               )
             Appellant,                        )
                                               )
v.                                             )      Case No. 2D14-298
                                               )
STATE OF FLORIDA,                              )
                                               )
             Appellee.                         )
                                               )
_____)

Opinion filed November 7, 2014.

Appeal from the Circuit Court for
Hillsborough County; Debra K. Behnke,
Judge.

Howard L. Dimmig, II, Public Defender, and
Bruce P. Taylor, Assistant Public
Defender, Bartow, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and C. Suzanne Bechard,
Assistant Attorney General, Tampa, for
Appellee.


DAVIS, Chief Judge.

             A.B. challenges the withhold of his adjudication and his placement on

juvenile probation after he was found to have committed the delinquent act of delivering

cocaine within 1000 feet of a church. Because the trial court erred in denying the motion for judgment of dismissal, we reverse.

A.B. was arrested after he was alleged to have sold drugs to an undercover officer. The transaction was recorded, and the video was produced at the delinquency hearing. Although there was some dispute regarding identity at the hearing, the facts surrounding the sale itself are essentially undisputed, and only the question of whether the State established that the delivery of the cocaine occurred within 1000 feet of a church remains at issue.

At the hearing, a detective prepared and provided a scaled visual image of the location of the drug transaction and testified regarding his computer-based calculations of the distance between the transaction site and the church. According to his measurements, the New Jerusalem Haitian Baptist Church is located between 700 and 800 feet from the place where the sale occurred. He testified that he had never been inside the building but that he had been to the location and that it was a church, looked like a church, and held itself out to be a church through its outside signage. Defense counsel's objection to this testimony based on a lack of personal knowledge was overruled. At the close of the State's case, defense counsel moved for a judgment of dismissal, claiming that the State failed to present sufficient prima facie evidence to support the requisite statutory element that regularly conducted religious services were held at the church building located within 1000 feet of the delivery of the cocaine. The trial court denied the motion, and A.B. now challenges that ruling on appeal.

Section 893.13(1)(e), Florida Statutes (2011), provides that "it is unlawful for any person to sell, manufacture, or deliver . . . a controlled substance not authorized

by law in, on, or within 1,000 feet of a <u>physical place for worship at which a church or religious organization regularly conducts religious services</u>." (Emphasis added.) In the instant case, the testimony of the detective did not establish that the church building was a physical place of worship at which religious services are regularly conducted. As such, the trial court erred in denying A.B.'s motion for judgment of dismissal. <u>See Moore v. State</u>, 18 So. 3d 715, 716 (Fla. 2d DCA 2009) ("In the timeframe when the offense occurred, the officer in this case could not provide evidence that the church was regularly conducting religious services."); <u>see also</u> <u>Hill v. State</u>, 830 So. 2d 876 (Fla. 5th DCA 2002) (reversing conviction for sale within 1000 feet of a place of worship where officer had attended a program in the church but could not offer testimony regarding whether services were regularly conducted there); <u>Wallace v. State</u>, 814 So. 2d 1255, 1257 (Fla. 5th DCA 2002) (concluding that State failed to establish statutory elements of offense where officer "merely testified that he was aware (in some fashion) that services 'go on' in these two named churches, but there [wa]s no specification as to whether these services [we]re religious in nature or how often they occur[red]"); <u>cf.</u> <u>McHolder v. State</u>, 917 So. 2d 1043, 1046 (Fla. 5th DCA 2006) ("[T]he State sufficiently proved the sale occurred within [1000 feet of a place of worship] and that religious services [we]re regularly conducted. . . . [The officer] indicated that this church conducted regular worship services as he had observed people entering and leaving the church on Sunday mornings in their church attire at regular times. In addition, [the officer] testified that he had visited the House of God Church. He indicated that he often observed vehicles parked behind the church and persons in suits and dresses going in and out of

- 3 -

the church at regular times.  Moreover, photographs of the church and a church sign listing the times and days of worship were admitted as evidence.").

We accordingly reverse the disposition finding that A.B. delivered cocaine within 1000 feet of a church and remand for the entry of a disposition based on the necessarily lesser-included offense of delivery of cocaine.  See Moore, 18 So. 3d at 716.

Reversed and remanded.

CASANUEVA and VILLANTI, JJ., Concur.