IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

JAMAROL D. FLETCHER,

     Appellant,

v.

STATE OF FLORIDA,

     Appellee.

_____/

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D14-3874

Opinion filed July 8, 2015.

An appeal from the Circuit Court for Duval County.
Kevin A. Blazs, Judge.

Nancy A. Daniels, Public Defender, and Barbara J. Busharis, Assistant Public Defender, Tallahassee, for Appellant.

Pamela Jo Bondi, Attorney General, and Jessica DaSilva, Assistant Attorney General, Tallahassee, for Appellee.

BILBREY, J.

     Appellant Jamarol Donnell Fletcher challenges his convictions and sentences for possession of cocaine within 1,000 feet of a church and possession of cocaine with intent to sell and within 1,000 feet of a church arguing, in part, the

trial court erred in denying his motion for a judgment of acquittal made as to both counts. He also argues that the trial court erred in admitting a photograph offered by the State. We hold the trial court did not abuse its discretion in admitting the photograph as more probative than prejudicial and deny relief as to that issue without further comment. As for the denial of the motion for a judgment of acquittal, we hold that the trial court erred in finding that the State sufficiently proved that the offenses were committed within 1,000 feet of a church which regularly conducted religious services at the time of the offense. In all other respects, the denial of the motion for a judgment of acquittal is affirmed.

Appellant was arrested following a police surveillance of an area of downtown Jacksonville. Very near the location of the drug transaction for which appellant was arrested was a church, Mt. Zion AME Church, and at trial, a trustee of that church was asked by the prosecutor:

> Q. And does the church conduct regular religious services?
> A. Yes, it does.
> Q. How often would you say you conduct those services?
> A. We have Sunday School, church school every Sunday, and then we
> have religious services of church services every Sunday.

No other evidence was offered regarding the activities of the church. Appellant's trial took place approximately six months after appellant's arrest.

Section 893.13(1)(e), Florida Statutes (2014), provides that it is unlawful for any person to sell, manufacture, or deliver, or possess with intent to sell,

2

manufacture or deliver, "a controlled substance not authorized by law in, on, or within 1,000 feet of a physical place for worship at which a church or religious organization regularly conducts religious services. . . ." This statute has been construed to require the State to prove at trial that regular religious services were being held at the time of the offense. See Wilder v. State, 147 So. 3d 673 (Fla. 4th DCA 2014); Moore v. State, 18 So. 3d 715 (Fla. 2d DCA 2009); Wallace v. State, 814 So. 2d 1255 (Fla. 5th DCA 2002). See also A.B. v. State, 150 So. 3d 883 (Fla. 2d DCA 2014); Hill v. State, 830 So. 2d 876 (Fla. 5th DCA 2002). Cf. McHolder v. State, 917 So. 2d 1043 (Fla. 5th DCA 2006) (holding the State sufficiently proved a sale occurred within 1,000 feet of a place of worship and that religious services were regularly conducted when the officer testified this church conducted regular worship services as he had observed people entering and leaving the church on Sunday mornings in church attire at regular times and when photographs of the church and a church sign listing the times and days of worship were admitted as evidence).

This Court has held similarly with regard to a companion statute, section 893.13(1)(c), Florida Statutes (1999), which prohibits the sale, manufacture, delivery or possession of contraband within 1,000 feet of a school. Cox v. State, 764 So. 2d 711 (Fla. 1st DCA 2000) (holding the State was required to prove the site of the drug sale was a school when the offense took place and evidence that it

3

was a school two years earlier was insufficient). As the Florida Supreme Court has reaffirmed, "[i]t is a basic rule of statutory construction that statutes that are penal in nature must be strictly construed, and the conduct of the accused must fall plainly and unmistakably within the criminal statute to justify a conviction." Greenwade v. State, 124 So. 3d 215, 228 (Fla. 2013).

Here, the testimony that church services were held at the time of trial is not evidence of regularly conducted religious services at the time of the offense. Accordingly, we reverse the convictions and sentences for sale of cocaine within 1,000 feet of a church and possession with intent to sell within 1,000 feet of a church. Further, we remand this cause with directions to enter convictions for sale of cocaine and possession of cocaine with intent to sell and to impose sentence pursuant to a corrected judgment and scoresheet. In all other respects, the trial court's rulings are affirmed.

AFFIRMED in part, REVERSED in part, and REMANDED.

WOLF and WETHERELL, JJ., CONCUR.

4