# SIXTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 6D2023-2407
Lower Tribunal Nos. 18-CF-017291, 18-CF-017292, 18-CF-017293, and 18-CF-017294

_____

THOMAS ANDREW VANA, JR.,

Appellant,

v.

STATE OF FLORIDA,

Appellee.

_____

Appeal from the Circuit Court for Lee County.
Margaret O. Steinbeck, Judge.

September 5, 2025

TRAVER, C.J.

Thomas Vana appeals his judgment and sentence for eighteen offenses arising from four separate drug transactions. We have jurisdiction. *See* Fla. R. App. P. 9.140(b)(1)(A). We reverse in part[1] because the State did not adduce competent, substantial evidence that the City of Cape Coral owned a park near Vana's home when he committed these crimes. Accordingly, the trial court should have granted

---

[1] Finding the trial court did not abuse its discretion in consolidating four separate State charging documents, each of which related to a separate drug transaction, we affirm this aspect of Vana's appeal without further discussion. *See* Fla. R. Crim. P. 3.150(a); *Smithers v. State*, 826 So. 2d 916, 923–24 (Fla. 2002).

Vana's motion for judgment of acquittal on an element common to six charges of sale of a controlled substance within 1,000 feet of a municipal park.

With the aid of two confidential informants, law enforcement conducted a surveillance operation on Vana in 2018. At Vana's 2023 trial, an informant and a police officer testified that Vana's home was near a park. The State called two other officers, who explained that they had measured the distance between the park and Vana's home in 2022. Lastly, the State called the City's property broker, who swore that Lake Kennedy Community Park was a City-owned municipal park.

When the State rested its case, Vana moved for a judgment of acquittal. He argued that the State had not proven that the City owned Lake Kennedy Community Park in 2018, when the State accused him of selling drugs. In response, the State "recalled" that the City's broker had testified that "it had been a park for some time, including all of 2018." The trial court denied Vana's motion.

We review de novo the trial court's denial of Vana's motion for judgment of acquittal. *See Pagan v. State*, 830 So. 2d 792, 803 (Fla. 2002) (citing *Tibbs v. State*, 397 So. 2d 1120 (Fla. 1981)). We will uphold his convictions if competent, substantial evidence supports the jury's verdict. *See id.* (citing *Donaldson v. State*, 722 So. 2d 177 (Fla. 1998); *Terry v. State*, 668 So. 2d 954, 964 (Fla. 1996)). When Vana moved for judgment of acquittal, he admitted all the facts in evidence, as well as every reasonable inference that the jury could draw from those facts. *See Bush v.*

2

*State*, 295 So. 3d 179, 200–01 (Fla. 2020) (quoting *Tibbs*, 397 So. 2d at 1123). Conflicts in the evidence do not warrant a judgment of acquittal because a jury resolves witness credibility and evidentiary weight issues. *Fitzpatrick v. State*, 900 So. 2d 495, 508 (Fla. 2005) (citing *Morrison v. State*, 818 So. 2d 432, 451 (Fla. 2002)). In addressing Vana's motion for judgment of acquittal, the trial court thus viewed the evidence in the light most favorable to the State and determined whether "a rational trier of fact could have found the existence of the elements of the crime beyond a reasonable doubt." *See Bush*, 295 So. 3d at 200 (quoting *Rogers v. State*, 285 So. 3d 872, 891 (Fla. 2019)).

A person may not sell controlled substances "within 1,000 feet of real property comprising a state, county, or municipal park . . . ." § 893.13(1)(c), Fla. Stat. (2018). Because Vana sold heroin and fentanyl, his proximity to a specific type of park had significant consequences; it doubled his potential maximum sentence for each sale. *See id.* § 893.13(1)(a)1, (c)1.; § 893.03(1)(a)63., Fla. Stat. (2018) (fentanyl); § 893.03(1)(b)11., Fla. Stat. (2018) (heroin).

But the State adduced no evidence that the park by Vana's home was a state, county, or municipal park when he sold drugs in 2018. Contrary to the State's recollection, the City's broker did not offer this testimony. She merely said the City owned it, without reference to whether this ownership corresponded to the time of the charged offenses. This fell short of the State's obligation at the judgment of

3

acquittal stage, and the trial court should have granted Vana's motion. *See Cox v. State*, 764 So. 2d 711, 713 (Fla. 1st DCA 2000) (reversing for entry of judgment of acquittal on sale within 1,000 feet of school where competent, substantial evidence did not show location was school at time of offense); *Lemaster v. State*, 162 So. 3d 56, 57 (Fla. 4th DCA 2014) (concluding evidence of regular church services at time of trial could not establish defendant sold drugs within 1,000 feet of church over one year earlier); *Moore v. State*, 18 So. 3d 715, 716 (Fla. 2d DCA 2009) (finding officer's testimony that he saw "people coming and going from the church on Sundays" one year before offense did not prove church regularly conducted services when crime occurred).

We therefore reverse Vana's convictions for sale of a controlled substance within 1,000 feet of a municipal park and remand for the trial court to enter judgment for the lesser-included offenses of sale of a controlled substance. The trial court shall resentence Vana with an updated scoresheet.

AFFIRMED in part; REVERSED in part; and REMANDED with instructions.

WOZNIAK and GANNAM, JJ., concur.

Blair Allen, Public Defender, and Jeffrey Sullivan, Special Assistant Public Defender, Bartow, for Appellant.

4

James Uthmeier, Attorney General, Tallahassee, and Nicole R. Smith, Assistant Attorney General, Tampa, for Appellee.

NOT FINAL UNTIL TIME EXPIRES TO FILE MOTION FOR REHEARING AND DISPOSITION THEREOF IF TIMELY FILED