MILLS, Judge.
Following an adjudicatory hearing, the two juveniles were found guilty of receiving stolen property as charged.
At the conclusion of the State’s case and at the conclusion of all of the evidence, the juveniles moved for judgments of acquittal on the ground that the evidence was insufficient. In both instances, the only argument made in support of the motions was that the juvenile, G.F.G., had not been identified. Following adjudication of guilt, the juveniles orally moved for a new trial on the ground that the adjudications were contrary to the law and the weight of the evidence. No supporting argument was made. The trial court denied all of the motions.
Thereafter, the juveniles appealed and assigned as errors that the adjudications were contrary to the law, that they were contrary to the weight and sufficiency of the evidence, and that they were contrary to the law and the evidence. In their brief, the juveniles argue that the court erred in refusing to dismiss the charge made against them because the State failed to prove that the property was stolen property on the date it was received by them and failed to prove the ownership of the property.
The motions for judgment of acquittal were insufficient because they did not fully set forth the grounds on which they were based. Fla.R.Crim.P. 3.380(b). The only argument made in support of the motions was that the juvenile, G.F.G., had not been identified. On appeal, this issue is not urged as error.
The oral motion for a new trial was stated in mere general terms and did not point out to the court with specificity why the juveniles were entitled to a new trial. In fact, no presentation or argument was made to establish the grounds asserted. Unless the error complained of is brought to the attention of the trial court, it is not preserved and cannot be considered by this Court.
In addition, the assignments of error were insufficient. Fla.App. Rule 3.5(c) requires that assignments of error shall designate identified judicial acts. The assignments of error in this case failed to comply with the applicable appellate rule.
The orders appealed are affirmed.
BOYER, C. J., and McCORD, J., concur.