SHIVERS, Chief Judge.
Appellant, Dale Lynn Campbell, appeals a final judgment adjudicating him guilty of attempted sexual battery pursuant to section 794.011(4)(e), Florida Statutes. That subsection provides:
(4) A person who commits sexual battery upon a person 12 years of age or older, without that person’s consent, under any of the following circumstances is guilty of a felony of the first degree....
(e) When the victim is mentally defective and the offender has reason to believe this or has actual knowledge of this fact.
Appellant argues that the trial court erroneously denied both his motion for judgment of acquittal and his motion for new trial. We disagree, and affirm the denial of both motions.
Initially, we find that the argument raised in appellant’s brief as to the denial of his motion for judgment of acquittal has not been properly preserved for appellate review by this court. The record on appeal demonstrates that appellant moved for judgment of acquittal at the close of the State’s case at trial, based on two specific grounds: (1) that the evidence showed that the victim had consented to have intercourse with Campbell, and (2) that there was no evidence that Campbell had knowledge that the victim was mentally defective.
On appeal, however, appellant’s assertion that the trial court erroneously denied his motion for judgment of acquittal rests on an entirely different basis. Campbell now argues that the State was required to present evidence that the victim was not capable of appreciating the nature of her sexual conduct. Since it failed to do so, according to Campbell, it also failed to establish that the victim’s consent was not knowing, intelligent, and voluntary. Consequently, Campbell argues that the trial court should have granted his motion for judgment of acquittal. Since the argument asserted by Campbell on appeal was not raised in his motion for judgment of acquittal at the close of the State’s case at trial, it has not been properly preserved and may not be considered by this court on appeal. G.W.B. v. State, 340 So.2d 969 (Fla. 1st DCA 1977); Sanderson v. State, 390 So.2d 744 (Fla. 5th DCA 1980).
Appellant next argues that he is entitled to a new trial, on the basis that the State failed to disclose the names of two witnesses who allegedly had knowledge of the victim’s prior sexual conduct. Appellant contends that the testimony of the witnesses would have been admissible under section 794.022(2), Florida Statutes. We affirm this point as well. First, it appears from the record that only one of the two witnesses, Ms. McDade, contacted the Sheriff and prosecutor after defendant’s arrest. There is no indication in the record that the prosecutor or Sheriff had any knowledge of the other witness, Ms. Boyett, prior to trial. Second, Ms. McDade’s testimony establishes no “specific instances of prior consensual sexual activity” between the victim and another person, nor does it establish a “pattern of conduct or behavior on the part of the victim which is so similar to the conduct or behavior in the case that it is relevant to the issue of consent.” Section 794.022(2), Florida Statutes. Therefore, her testimony *186 would not have been admissible under that section.
Accordingly, appellant’s conviction and sentence are hereby affirmed.
AFFIRMED.
ERVIN and JOANOS, JJ., concur.