PER CURIAM.
Appellant argues that the evidence was insufficient to prove the elements of capital sexual battery and lewd, lascivious, or indecent assault. Even though the defense put on evidence, appellant was under no obligation thereafter to renew the motion for judgment of acquittal he made at the close of the state’s evidence. See Morris v. State, 721 So.2d 725, 726 (Fla.1998). But that motion did not preserve the sufficiency points now argued on appeal. See, e.g., Clark v. State, 635 So.2d 68, 68-69 (Fla. 1st DCA 1994); Showers v. State, 570 So.2d 377, 378 (Fla. 1st DCA 1990); Cornwell v. State, 425 So.2d 1189, 1190 (Fla. 1st DCA 1983). The motion for judgment of acquittal made at the close of the state’s case raised only the issue of the perpetrator’s identity. See G.W.B. v. State, 340 So.2d 969, 970 (Fla. 1st DCA 1976), cert. denied, 348 So.2d 948 (Fla.1977). The evidence of appellant’s identity was more than sufficient.
AFFIRMED.
ERVIN, BOOTH, and BENTON, JJ„ CONCUR.