CASANUEVA, Judge.
Jeremy Billy Vargas appeals from his conviction and sentence for the first-degree premeditated murder of his wife, Theresa, raising two issues that deal with the sufficiency of the evidence. He argues first, that the State failed to present sufficient circumstantial evidence that he was the person who killed his wife. Second, he argues that if the evidence was sufficient to submit the case to the jury that he was the murderer, the State failed to prove premeditation but proved, at most, that he committed second-degree, “depraved mind,” murder. § 782.04(2), Fla. Stat. (1999). We find no merit to his first contention and thus affirm on that issue without further discussion. Because we find that defense counsel at trial failed to preserve the premeditation issue for appellate review, we affirm that issue also.
Recitation of the horrific details of the bludgeoning to death of Theresa Vargas will serve no purpose here. Suffice it to say that at the end of the State’s case-in-chief, defense counsel made a motion for judgment of acquittal by saying, “Motion for judgment of acquittal on the basis that the State has failed to prove beyond a reasonable doubt that Jeremy Vargas killed Theresa Vargas. There is evidence suggesting it, but no evidence that actually says he did it.” The State concedes that this motion arguably preserved the issue of his identity as the murderer but was insufficient to preserve the issue of premeditation. We agree.
A motion for judgment of acquittal “must fully set forth the grounds on which it is based.” Fla. R.Crim. P. 3.380(b) (emphasis added); Woods v. State, 733 So.2d 980 (Fla.1999). The language of defense counsel’s motion, while not quite boilerplate, did not bring to the attention of the trial court the specific ground Mr. Vargas now urges us to consider. See also Archer v. State, 613 So.2d 446, 448 (Fla.1993); Steinhorst v. State, 412 So.2d 332, 338 (Fla.1982). Because of this failure, we cannot reach the merits of the issue whether the State provided sufficient evidence for the jury to conclude that this murder was premeditated rather than committed in a fit of rage.
Affirmed.
FULMER and NORTHCUTT, JJ., Concur.