IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

JEREMIAH EUGENE BEAZLEY,

     Appellant,

v.

STATE OF FLORIDA,

     Appellee.

_____/

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NOS. 1D13-3593/14-1688

Opinion filed October 21, 2014.

An appeal from the Circuit Court for Bay County.
James B. Fensom, Judge.

Nancy Daniels, Public Defender, and Megan Long, Assistant Public Defender, for
Appellant

Pamela Bondi, Attorney General, Jennifer Moore, Assistant Attorney General, and
Lauren Brudnicki, Assistant Attorney General, for Appellee

VAN NORTWICK, J.

     Jeremiah Eugene Beazley appeals his convictions and sentences for resisting

a police officer without violence (two counts) and tampering with physical

evidence. He also appeals the denial of post-conviction relief. Because, as the

State correctly concedes, Beazley's two convictions for resisting arrest arose from a single episode, we reverse one of those convictions, vacate the corresponding sentence, and remand for entry of a corrected judgment and resentencing. For the reasons that follow, we affirm all other issues raised on appeal.

After a jury trial, Beazley was convicted of two counts of possession of a controlled substance, tampering with physical evidence, and two counts of resisting an officer without violence. The convictions for possession of a controlled substance were vacated by the trial court after the Florida Department of Law Enforcement analyst who tested the contraband seized from Beazley and who testified at Beazley's trial was arrested for trafficking in controlled substances submitted to FDLE for analysis in criminal investigations. The trial court determined that the evidence of probable tampering of evidence by the FDLE analyst constituted newly discovered evidence warranting post-conviction relief as to the convictions for possession. This appeal does not affect that grant of post-conviction relief. At issue in the case at bar are the remaining convictions: tampering with physical evidence and two counts of resisting an officer without violence.

After observing an alleged narcotics transaction in a parking lot at a convenience store, a sheriff's deputy approached the alleged seller, Beazley, to affect an arrest. Once the investigator identified himself and told Beazley to get

out of his vehicle, Beazley thrust the door open and the two men began to wrestle, according to the State's evidence. Beazley was able to free himself and fled from both the initial investigator and a second law enforcement officer who had arrived on the scene. Beazley threw a plastic bag containing several pills into a ditch as he fled. An unknown amount of the pills were dislodged from the bag and apparently dissolved in water that had accumulated inside the ditch. A short time later Beazley was apprehended and taken into custody.

On appeal, Beazley argues that the skirmish with the initial investigator and the flight from the two officers constituted a single, continuous episode thereby permitting only a single conviction for resisting an officer. "Multiple convictions on multiple counts of resisting arrest without violence arising out of a single episode, even if more than one officer is involved, constitute a double-jeopardy violation." Fogle v. State, 754 So. 2d 878, 879 (Fla. 1st DCA 2000). The State concedes that only one conviction should stand, and we agree.

Additionally, Beazley argues his defense counsel was ineffective for failing to move for a judgment of acquittal at the close of the State's case on the charge of tampering with evidence. Generally, a claim of ineffective assistance of counsel may not be raised on direct appeal. See, e.g., Bruno v. State, 807 So. 2d 55 (Fla. 2001). An exception may be made to this general rule when the ineffectiveness is obvious on the face of the appellate record, the prejudice caused by the conduct is

indisputable, and a tactical explanation for the conduct is inconceivable. Stewart v. State, 420 So. 2d 862 (Fla. 1982). Failure to move for a judgment of acquittal when the State has not proved an essential element of its case may constitute ineffective assistance of counsel. See Corzo v. State, 806 So. 2d 642, 645 (Fla. 2d DCA 2002).

Beazley argues that because the State's evidence established, at best, that he abandoned the pills, the failure of defense counsel to move for a judgment of acquittal as to the charge of tampering with physical evidence constituted ineffective assistance as there was no evidence of intent. The abandonment of evidence during flight from law enforcement, even if rendering the evidence irrecoverable, does not constitute tampering without evidence of a specific intent to tamper with or conceal the evidence. See Evans v. State, 997 So. 2d 1281, 1284 (Fla. 4th DCA 2009); Obas v. State, 935 So. 2d 38 (Fla. 4th DCA 2006).

Without condoning defense counsel's failure to move for a judgment of acquittal, we are unwilling under these facts to hold that ineffective assistance is apparent on the face of the record on direct appeal. Intent is notoriously a difficult matter to prove directly. "Intent, being a state of mind, is often not subject to direct proof and can only be inferred from circumstances." Jones v. State, 192 So. 2d 285, 286 (Fla. 3d DCA 1966). "At the same time, 'in a circumstantial evidence case, the State's evidence must be not only consistent with guilt but inconsistent

4

with any reasonable hypothesis of innocence.'" Benitez v. State, 852 So. 2d 386, 388 (Fla. 3d DCA 2003) (quoting Jeffries v. State, 797 So. 2d 573, 580 (Fla. 2001)). Beazley may raise this issue in a motion for post-conviction relief at which time the trial court, as finder of fact, may consider whether there was circumstantial evidence of intent. The question of whether trial counsel was ineffective is dependent upon a finding of evidence of intent sufficient to establish a prima facie case, a question best resolved at the trial court level were evidence and argument from both Beazley and the State can be heard. See McKinney v. State, 579 So. 2d 80, 82 (Fla. 1991) ("The trial court is the more appropriate forum to present such claims [of ineffective assistance] where evidence might be necessary to explain why certain actions were taken or omitted by counsel.").

Finally, Beazley argues that the trial court erred in denying, in part, a motion for post-conviction relief with regard to the conviction for tampering. As noted, after Beazley's conviction, Joseph Graves, the FDLE analyst who testified at Beazley's trial as to the nature of the pills abandoned by Beazley, was arrested for trafficking of controlled substances taken from an FDLE laboratory. This court relinquished jurisdiction so that the trial court could consider a motion for post-conviction relief. While the trial court granted relief vis-a-vis the convictions for possession of a controlled substance, it did not grant relief as to the conviction for tampering with evidence because that conviction did not depend upon evidence

5

being a controlled substance. Beazley argues the pills, regardless of whether they were shown to be controlled substances or not, were rendered inadmissible by virtue of the tampering committed by the FDLE analyst. Evidence for which there is some indication of probable tampering is inadmissible, notes Beazley. See § 90.901, Fla. Stat. (2013).

However, as the trial court found, the testimony of the FDLE analyst was not essential with regard to the tampering charge. It was the testimony of the arresting officer who had chased Beazley and who observed Beazley toss a bag of pills into a ditch which was dispositive as to that charge. Therefore, we affirm the denial of post-conviction relief on this ground, without prejudice to the appellant raising in another post-conviction motion to the issue of whether defense counsel was ineffective for failing to move for a judgment of acquittal as to the charge of tampering with evidence.

Because Beazley's two convictions for resisting arrest arose from a single episode, we reverse one of those convictions, vacate the corresponding sentence therefor, and remand for entry of a corrected judgment and for resentencing. Resentencing will be dependent upon the outcome of a second trial on the possession charges, should the State wish to pursue such charges.

AFFIRMED, in part, REVERSED, in part, and REMANDED for further proceedings consistent with this opinion.

6

MAKAR, J., CONCURS, WETHERELL, J., CONCURS IN RESULT ONLY.