IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

ANTONIO MORALES,

     Appellant,

v.                                                  CASE NO. 1D13-1113

STATE OF FLORIDA,

     Appellee.

_____/

Opinion filed May 22, 2015.

An appeal from the Circuit Court for Clay County.
Don H. Lester, Judge.

Nancy A. Daniels, Public Defender, and Nada M. Carey, Assistant Public Defender, Tallahassee, for Appellant.

Pamela Jo Bondi, Attorney General, and Michael McDermott, Assistant Attorney General, Tallahassee, for Appellee.

ON MOTION FOR REHEARING

ROBERTS, J.,

     On the State's Motion for Rehearing, we withdraw our opinion of December 23, 2014, and substitute this opinion in its place.

Antonio Morales appeals his judgment and sentence for attempted first-degree murder, arguing that the trial court erred in denying his motions for judgment of acquittal because the State failed to present sufficient evidence from which a jury could have found his actions were premeditated. We affirm because the issue was not preserved for appeal.

Morales was charged by information with attempted first-degree murder arising out of a nightclub shooting on August 6, 2011. At Morales's jury trial, the State presented testimony from the victim, Kevelin Holmes, who testified that he was at the nightclub on the night in question and left at closing time. Holmes tried to speak with a female on his way out, but she did not acknowledge him and got into a grey vehicle with several other occupants. Holmes stated that the vehicle drove past him quickly "kind of like it fixing to hit me," which prompted a verbal exchange between Holmes and the vehicle's occupants. The vehicle drove on "a bit" and stopped. Holmes heard the occupants arguing. The rear passenger of the vehicle exited and began shooting. Holmes was shot once in the stomach and identified Morales as the shooter.

Another eye witness, Leon Oliver, testified that he walked outside the nightclub at closing time and observed a patron arguing with people inside a vehicle that was leaving the parking lot. Oliver saw the vehicle stop and saw the person in the rear passenger seat get out and fire four rounds from a handgun,

2

hitting the patron once in the stomach. Oliver testified that the shooter "fired, fired, fired[,] and then one more shot was fired and then they sped off[.]" Oliver further testified that before the car sped off, the shooter "[g]ot back in the car and one more shot, one more shot came out and hit the carpet." Through Oliver, the State introduced a surveillance video that depicted the victim and the vehicle involved in the shooting as well as what appeared to be the shooting itself.

Several law enforcement witnesses testified about the evidence collected from the scene, which included spent .380 shell casings and projectiles and a .380 caliber pistol found under the rear passenger seat of the vehicle. The State's firearms expert testified that the .380 caliber pistol found under Morales's seat was striker fired and required 11.5 pounds of force to pull the trigger, which is comparatively more difficult to fire than other pistols. The testimony also showed that Morales tested positive for gunshot residue and that he made inculpatory statements on jail phone calls.

At the close of the State's case in chief, defense counsel moved for a judgment of acquittal, arguing that the State failed to meet its burden of proving attempted first-degree murder in a purely circumstantial case. The defense attorney first relied Lindsey v. State, 14 So. 3d 211 (Fla. 2009), to argue that the circumstantial evidence was insufficient to establish guilt beyond a reasonable doubt. Notably, in Lindsey, the issue involved circumstantial evidence relating to

3

the defendant's involvement in the crime, not to the premeditation element. The defense attorney also relied on <u>Ballard v. State</u>, 923 So. 2d 475 (Fla. 2006), to argue that there was no physical evidence of value in the case linking Morales to the shooting. As in <u>Lindsey</u>, <u>Ballard</u> involved an examination of the sufficiency of the circumstantial evidence to support Ballard's involvement in the crime, not the premeditation element. Morales's defense attorney continued the argument, stating:

> There – if you look at the video you cannot see the actual crime take place. There are no admissions by Mr. Morales in his jail calls. There's no confession and I would argue that the eyewitness identification by Mr. Holmes was only made here in court when he knew where the defendant would be seated whereas previously he had indicated to me to me that the individual that he recalled firing at him had little twists in his hair and, of course, I question his credibility given that he's a six-time convicted felon.

The trial court denied the motion, finding that Holmes' in-court identification of Morales meant that the case was no longer a purely circumstantial one. The motion for judgment of acquittal was perfunctorily renewed at the close of the evidence and was again denied. Attempted first-degree murder, attempted second-degree murder, attempted manslaughter, and aggravated assault instructions were discussed and approved without objection. Defense counsel did not challenge the premeditation element with respect to the jury instructions. The jury was instructed on premeditation and returned a verdict finding Morales guilty of attempted first-degree murder. The trial court adjudicated Morales guilty and

4

sentenced him to 45 years in prison under the 10/20/Life statute. Morales appealed, arguing the trial court erred in denying his motions for judgment of acquittal where the evidence was insufficient to prove a premeditated intent to kill so as to support the conviction for attempted first-degree murder.

It is axiomatic that an issue cannot be maintained on appeal unless the supposed error is adequately presented to the trial court so that it may be corrected below. See Steinhorst v. State, 412 So. 2d 332, 338 (Fla. 1982) (holding that "in order for an argument to be cognizable on appeal, it must be the specific contention asserted as the legal ground for the objection, exception, or motion below"); State v. Currilly, 126 So. 3d 1244, 1245 (Fla. 1st DCA 2013) (holding that in order to adequately preserve an issue for appeal, an argument must be "sufficiently precise so as to fairly apprise the trial court of the relief sought and the grounds therefor"). See also Fla. R. Crim. P. 3.380(b) (a motion for judgment of acquittal must "fully set forth the grounds on which it is based"). Appellate courts have repeatedly declined to review the denial of a motion for judgment of acquittal where the motion failed to make the specific argument raised on appeal. See e.g., Woods v. State, 733 So. 2d 980, 984-85 (Fla. 1999) (rejecting the appeal of the denial of a motion for judgment of acquittal that failed to fully set forth "the specific grounds upon which the motion was based"); Pryor v. State, 48 So. 3d 159, 162 (Fla. 1st DCA 2010) (finding a motion for judgment of acquittal that failed to raise the

5

defendant's knowledge insufficient to address that element in a charge of tampering with evidence). On appeal, Morales argues that the State's evidence failed to prove a premeditated intent to kill. However, below, defense counsel only advanced an argument attacking identity. The record is clear that the argument for a judgment of acquittal was solely directed to the sufficiency of the evidence regarding the identity of the shooter. All of the cases relied upon by defense counsel deal with identity. At no time did defense counsel argue the sufficiency of the evidence regarding the element of premeditation. None of the cases cited supporting the argument have anything to do with premeditation. Neither the word "premeditation" nor any synonyms thereof appear in the transcript of the argument in support of a judgment of acquittal or in any of the cases cited. As such, we cannot reach the merits of the issue on appeal as the issue was not preserved. See Vargas v. State, 845 So. 2d 220, 221 (Fla. 2d DCA 2003) (finding that while a motion for judgment of acquittal arguably preserved the issue of the defendant's identity as the murderer, it was insufficient to preserve the issue of premeditation).

Even assuming we could reach the merits, the trial court properly let the case go to the jury. The victim testified that the vehicle Morales was riding in passed him quickly in the parking lot. He exchanged words with the occupants, and the occupants said something back. The vehicle drove on "a bit" and stopped. Holmes heard the occupants arguing. The rear passenger of the vehicle exited the

6

vehicle and began shooting. Holmes identified Morales as the shooter. Oliver told the jury that the shooter "fired, fired, fired[,] and then one more shot was fired and then they sped off[.]" Oliver further testified that before the car sped off, the shooter "[g]ot back in the car and one more shot, one more shot came out and hit the carpet."

Premeditation "can be formed in a moment and need only exist 'for such time as will allow the accused to be conscious of the nature of the act he is about to commit and the probable result of that act.'" DeAngelo v. State, 616 So. 2d 440, 441 (Fla. 1993) (quoting Asay v. State, 580 So. 2d 610, 612 (Fla. 1991), *cert. denied*, 502 U.S. 895 (1991)). The evidence presented in this case was not wholly circumstantial and was sufficient for the jury to find the defendant guilty of attempted first-degree murder.

We further decline to accept Morales's claim of ineffective assistance of counsel on direct appeal, which requires ineffectiveness obvious on the face of the record, indisputable prejudice, and an inconceivable tactical explanation for the conduct. See Corzo v. State, 806 So. 2d 642, 645 (Fla. 2d DCA 2002). As aforementioned, there was sufficient evidence of premeditation to send the issue to the jury; therefore, counsel's failure to move for acquittal on the issue of premeditation is not so obvious as to require redress on direct appeal.

AFFIRMED.

7

CLARK, J., CONCURS; BILBREY, J., CONCURS WITH OPINION.

BILBREY, J., Concurring.

I fully join in Judge Roberts' opinion granting rehearing and affirming the conviction for attempted first degree murder. At the close of the State's case-in-chief, the defense moved for a judgment of acquittal making the following argument:

> Here there is really no physical evidence of value. There's a trace amount of gunshot residue but there's nothing to establish whether or not Mr. Morales actually held a gun, was in close proximity when a gun was fired, whether he touched a contaminated surface or whether he touched a gun after it had been fired.
>
> There - - if you look at the video you cannot see the actual crime take place. There are no admissions by Mr. Morales in his jail calls. There's no confession and I would argue that the eyewitness identification by Mr. Holmes was only made here in court when he knew where the defendant would be seated whereas previously he had indicated to me that the individual that he recalled firing at him had little twists in his hair and, of course, I question his credibility given that he's a six-time convicted felon.

As can be seen, Morales moved for a judgment of acquittal on the ground that the State's evidence did not establish appellant was the shooter. Such an identity argument quite differs from the argument being advanced in this appeal – that the State did not establish premeditation.

It is well-settled that an argument as to propriety of a denial of a motion for a judgment of acquittal cannot be raised on appeal if not argued below. For instance, in

9

Stephens v. State, 787 So. 2d 747 (Fla. 2001), the Florida Supreme Court rejected the attempt to raise an issue for the first time on appeal which was not raised in a "bare bones" motion for judgment of acquittal. Similarly, in Young v. State, 141 So. 3d 161 (Fla. 2013), the Florida Supreme Court held that a defendant had waived any claim that the structure burglarized was not a "dwelling" by not raising before the trial court that specific argument. "The motion or objection must be specific in order to preserve the claim for appellate review." Id. at 165 (citing F.B. v. State, 852 So. 2d 226, 230 (Fla. 2003)).

This Court has held likewise since at least G.W.B. v. State, 340 So. 2d 969 (Fla. 1st DCA 1976). In G.W.B. the argument before the trial court in support of a judgment of acquittal was that the defendants had not been identified. The trial court denied the motion for judgment of acquittal based on that ground. On appeal, the defendants argued that "the State failed to prove the property was stolen property on the date it was received by them and failed to prove the ownership of the property." Id. at 970. The argument raised on appeal differed from the argument made at trial. The Court in G.W.B. held "[t]he motions for judgment of acquittal were insufficient because they did not fully set forth the grounds on which they were based." Id.

Numerous cases from this Court since G.W.B have continued to require that the issue raised on appeal with regards to a motion for a judgment of acquittal have been first presented at trial. See, e.g., Pryor v. State, 48 So. 3d 159 (Fla. 1st DCA 2010) (holding a

10

motion for judgment of acquittal did not raise defendant's knowledge and was therefore insufficient to address that element in a charge of tampering with evidence); <u>Vathis v. State</u>, 729 So. 2d 453 (Fla. 1st DCA 1999) (holding a motion for judgment of acquittal based on lack of identity insufficient to preserve issue of lack of proof of other elements of sexual battery); <u>Showers v. State</u>, 570 So. 2d 377 (Fla. 1st DCA 1990) (holding a motion for judgment of acquittal without any specific argument insufficient to preserve claim of lack of evidence to support crime); <u>Campbell v. State</u>, 553 So. 2d 184 (Fla. 1st DCA 1989) (explaining defendant not permitted to raise a new issue on appeal that was not specifically preserved in a motion for judgment of acquittal).  It is very clear that the Florida Supreme Court's precedent as well as our own establishes that an issue raised on appeal regarding the denial of a motion on appeal must have been raised below.

As a fallback position, Morales argues that if the claim of insufficient evidence of premeditation was not preserved, trial counsel was obviously ineffective, a deficiency which is apparent on the face of the record and thus is a basis for reversal.  To prevail on such a claim, the appellant must show that prejudice caused by the ineffective assistance is indisputable, and a tactical explanation for the conduct is inconceivable.  <u>Dailey v. State</u>, 46 So. 3d 647 (Fla. 1st DCA 2010).

Here, the failure to make a motion for judgment of acquittal on the specific issue of premeditation is not obvious ineffective assistance of counsel because there was sufficient direct and circumstantial evidence of premeditation for the issue to go to the

11

jury. The jury heard evidence that Morales shot at the victim Holmes four times with a medium caliber handgun. Holmes had just recently cursed at the occupants of the vehicle in which Morales was riding after Holmes was almost hit by the vehicle. The vehicle stopped and Morales existed the vehicle. Holmes was hit in the abdomen by one of the four shots fired by Morales. Further, the jury was properly instructed on the finding of premeditation necessary to return a verdict for attempted first degree murder as well as lesser included offenses which did not require premeditation. The jury then returned a verdict supported by the evidence it received. Therefore, since there was direct and circumstantial evidence of premeditation, there was no prejudice caused by the failure of trial counsel to move for judgment of acquittal based on lack of premeditation.

This case is similar to Asay v. State, 580 So. 2d 610 (Fla. 1991), cited in Judge Roberts' opinion, where the victim was killed by a handgun after a brief confrontation with the defendant. Noting that premeditation is a factual issue for the jury, the Supreme Court affirmed the trial court's denial of a motion on a judgment of acquittal. Id. at 612. Intent is a notoriously difficult matter to prove. Beazley v. State, 148 So. 3d 552 (Fla. 1st DCA 2014). Thus, it is well-established that "a trial court should rarely, if ever grant a motion for judgment of acquittal based on the state's failure to prove mental intent." Brewer v. State, 413 So. 2d 1217, 1220 (Fla. 5th DCA 1982); see also Hardwick v. State, 630 So. 2d 1212, 1214 (Fla. 5th DCA 1994); State v. Tovar, 110 So. 3d 33 (Fla. 2d DCA 2013).

For these reasons, I fully concur in the grant of rehearing and the affirmance of Morales' conviction.