BILBREY, J.,
concurring.
I fully join in Judge Roberts’ opinion granting rehearing and affirming the conviction for attempted first degree murder. At the close of the State’s ease-in-chief, the defense moved for a judgment of acquittal making the following argument:
Here there is really no physical evidence of value. There’s a trace amount of gunshot residue but there’s nothing to establish whether or not Mr. Morales actually held a gun, was in close proximity when a gun was fired, whether he touched a contaminated surface or whether he touched a gun after it had been fired.
There — if you look at the video you cannot see the actual crime take place. There are no admissions by Mr. Morales in his jail calls. There’s no confession and I would argue that the eyewitness identification, by Mr. Holmes was only made here in court when he knew where the defendant would be seated whereas previously he had indicated to me that the individual that he recalled firing at him had little twists in his hair and, of course, I question his credibility given that he’s a six-time convicted felon.
As can be seen, Morales moved for a judgment of acquittal on the ground that the State’s evidence did not establish appellant was the shooter. Such an identity argument quite differs from the argument being advanced in this appeal — that the State did not'establish premeditation.
It is well-settled that an argument as to propriety of a denial of a motion for a judgment of acquittal cannot be raised on appeal if not argued below. For instance, in Stephens v. State, 787 So.2d 747 (Fla.2001), the Florida Supreme Court rejected the attempt to raise an issue for the first time on appeal which was not raised in a “bare bones” motion for judgment of acquittal. Similarly, in Young v. State, 141 So.3d 161 (Fla.2013), the Florida Supreme Court held that a defendant had waived any claim that the structure burglarized was not a “dwelling” by not raising before the trial court that specific argument. “The motion or objection must be specific in order to preserve the claim for appellate review.” Id. at 165 (citing F.B. v. State, 852 So.2d 226, 230 (Fla.2003)).
*68 This Court has held likewise since at least G.W.B. v. State, 340 So.2d 969 (Fla. 1st DCA 1976). In G.W.B. the argument before the trial court in support of a judgment of acquittal was that the defendants had not been identified. The trial court denied the motion for judgment of acquittal based on that ground. On appeal, the defendants argued that “the State failed to prove the property was stolen property on the date it was received by them and failed to prove the ownership of the property.” Id. at 970. The argument raised on appeal differed from the argument made at trial. The Court in G.W.B. held “[t]he motions for judgment of acquittal were insufficient because they did not fully set forth the grounds on which they were based.” Id.
Numerous cases from this Court since G.W.B have continued to require that the issue raised on appeal with regards to a motion for a judgment of acquittal have been first presented at trial. See, e.g., Pryor v. State, 48 So.3d 159 (Fla. 1st DCA 2010) (holding a motion for judgment of acquittal did not raise defendant’s knowledge and was therefore insufficient to address that element in a charge of tampering with evidence); Vathis v. State, 729 So.2d 453 (Fla. 1st DCA 1999) (holding a motion for judgment of acquittal based on lack of identity insufficient to preserve issue of lack' of proof of other elements of sexual battery); Showers v. State, 570 So.2d 377 (Fla. 1st DCA 1990) (holding a motion for judgment of acquittal without any specific argument insufficient to preserve claim of lack of evidence to support crime); Campbell v. State, 553 So.2d 184 (Fla. 1st DCA 1989) (explaining defendant not permitted to raise a new issue on appeal that was not specifically preserved in a motion for judgment of acquittal). It is very clear that the Florida Supreme Court’s precedent as well as our own establishes that an issue raised on appeal regarding the denial of a motion on appeal must have been raised below.
As a fallback position, Morales argues that if the claim of insufficient evidence of premeditation was not preserved, trial counsel was obviously ineffective, a deficiency which is apparent on the face of the record and thus is a basis for reversal. To prevail on such a claim, the appellant must show that prejudice caused by the ineffective assistance is indisputable, and a tactical explanation for the conduct is inconceivable. Dailey v. State, 46 So.3d 647 (Fla. 1st DCA 2010).
Here, the failure to make a motion for judgment of acquittal on the specific issue of premeditation is not obvious ineffective assistance of counsel because there was sufficient direct and circumstantial evidence of premeditation for the issue to go to the jury. The jury heard evidence that Morales shot at the victim Holmes four times with a medium caliber handgun. Holmes had just recently cursed at the occupants of the vehicle in which Morales was riding after Holmes was almost hit by the vehicle. The vehicle stopped and Morales existed the vehicle. Holmes was hit in the abdomen by one of the four shots fired by Morales. Further, the jury was properly instructed on the finding of premeditation necessary to return a verdict for attempted first degree murder as well as lesser included offenses which did not require premeditation. The jury then returned a verdict supported by the evidence it received. Therefore, since there was direct and circumstantial evidence of premeditation, there was no prejudice caused by the failure of trial counsel to move for judgment of acquittal based on lack of premeditation.
This case is similar to Asay v. State, 580 So.2d 610 (Fla.1991), cited in Judge Roberts’ opinion, where the victim was killed by a handgun after a brief confrontation *69 with the defendant. Noting that premeditation is a factual issue for the jury, the Supreme Court affirmed the trial court’s denial of a motion on a judgment of acquittal. Id. at 612. Intent is a notoriously difficult matter to prove. Beazley v. State, 148 So.3d 552 (Fla. 1st DCA 2014). Thus, it is well-established, that “a trial court should rarely, if ever grant a motion for judgment of acquittal based on the state’s failure to prove mental intent.” Brewer v. State, 413 So.2d 1217, 1220 (Fla. 5th DCA 1982); see also Hardwick v. State, 630 So.2d 1212, 1214 (Fla. 5th DCA 1994); State v. Tovar, 110 So.3d 33 (Fla. 2d DCA 2013).
For these reasons, I fully concur in the grant of rehearing and the affirmance of Morales’ conviction.