NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

MISTY STODDARD,                      )
                                     )
            Appellant,               )
                                     )
v.                                   )          Case No. 2D14-4198
                                     )
STATE OF FLORIDA,                    )
                                     )
            Appellee.                )
                                     )
_____)

Opinion filed February 12, 2016.

Appeal from the Circuit Court for Sarasota
County; Frederick P. Mercurio, Judge.

Howard L. Dimmig, II, Public Defender,
and J.L. "Ray" LeGrande, Special Assistant
Public Defender, Bartow,
for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Marilyn Muir Beccue,
Assistant Attorney General, Tampa,
for Appellee.


PER CURIAM.


        Misty Stoddard appeals her judgment and sentence for felony murder.

She argues that the trial court erroneously denied her motion for judgment of acquittal.

However, Ms. Stoddard's argument on appeal differs substantially from the argument

she raised before the trial court on her motion. Thus, she failed to preserve the argument she now presents to us. See Tillman v. State, 471 So. 2d 32, 35 (Fla. 1985). After carefully reviewing the record for fundamental error, we cannot say the trial court erred in denying her motion. Accordingly, we affirm the judgment and sentence.

Affirmed.

LUCAS, J., Concurs.
ALTENBERND, J., Concurs with opinion.
VILLANTI, C.J., Concurs with opinion.

ALTENBERND, Judge, Concurring.

I agree with the court's decision, and I agree that it accurately states the current rule of law. See Steinhorst v. State, 412 So. 2d 332, 338 (Fla. 1982) (holding that "in order for an argument to be cognizable on appeal, it must be the specific contention asserted as legal ground for the objection, exception, or motion below"). That said, when a motion for judgment of acquittal is well taken, I have never understood why an attorney's failure to make a sufficient motion for judgment of acquittal is not ineffective assistance on the face of the record. Even a marginally prepared attorney should know the elements of the offense for which a client is on trial. That marginally prepared lawyer ought to be expected to listen to the evidence closely enough to know whether the State failed to prove an essential element of the offense.

There rarely, if ever, is a tactical reason for a lawyer not to move for a judgment of acquittal when the client is entitled to be acquitted.

Thus, when I review a case like this for "fundamental" error, I actually review the issue more or less as I would if it were preserved. Judge Bilbrey's recent concurrence effectively does the same. See Morales v. State, 170 So. 3d 63, 68 (Fla. 1st DCA 2015) (Bilbrey, J., concurring) ("Here, the failure to make a motion for judgment of acquittal on the specific issue of premeditation is not obvious ineffective assistance of counsel because there was sufficient direct and circumstantial evidence of premeditation for the issue to go to the jury."). In this case, I conclude that Ms. Stoddard would not have been entitled to an acquittal even if her attorney had made a model argument for acquittal.

But under the current law, following a direct appeal, when a postconviction court receives a motion alleging ineffective assistance of counsel in a case involving an attorney's failure to make an adequate motion for judgment of acquittal, the postconviction court has no way to know for certain that the appellate court on direct appeal determined that the evidence was sufficient to overcome a proper motion for judgment of acquittal. The postconviction court is therefore usually compelled to peruse the entire trial transcript to determine if a proper motion would have been granted. It seems to me for many practical and due process reasons that the rule announced in Steinhorst should not apply to motions for judgment of acquittal. Instead, the sufficiency of the evidence to support a conviction should be reviewable de novo on direct appeal even when the motion for judgment of acquittal is inadequate.

VILLANTI, Chief Judge, Concurring.

I concur in the majority opinion because it accurately reflects the current state of the law which we are required to follow. But I also concur in Judge Altenbernd's critique of that law because it includes no exception for a review of the sufficiency of the evidence when defense counsel makes only a bare bones motion for judgment of acquittal. The lack of any exception is why many trial judges feel an obligation to ensure that defense counsel actually argues a motion for judgment of acquittal. The State will never voice an objection to the defense being prompted to argue such a motion because no one is interested in participating in a new trial due to a technical deficiency in the first one. And even a skeletal motion for judgment of acquittal can be sufficient to deal with a case that lacks evidence on an element of the crime charged. But many trial judges are fearful of taking such an approach because they do not want to be perceived as activists. Hence, there is a need to create a minor exception to the general preservation rule of Steinhorst which will simplify review in the long run.