ALTENBERND, Judge,
Concurring.
I agree with the court’s decision, and I agree that it accurately states the current rule of law. See Steinhorst v. State, 412 So.2d 332, 338 (Fla.1982) (holding that “in order for an argument to be cognizable on appeal, it must be the specific contention asserted as legal ground for the objection, exception, or motion below”). That said, when a motion for judgment of acquittal is well taken, I have never understood why an attorney’s failure to make a sufficient motion for judgment of acquittal is not ineffective assistance on the face of the record. Even a marginally prepared attorney should know the elements of the offense for which a client is on trial. That marginally prepared lawyer "ought to be expected to listen to the evidence closely enough to know whether the State failed to prove an essential element of the offense. There rarely, if ever, is a tactical reason for a lawyer not to move for a judgment of acquittal when the client is entitled to be acquitted. •
Thus, when I review a case like this for “fundamental” error, I actually review the issue more or less as I would if it were preserved. Judge Bilbreys recent concurrence-effectively does the same. See Morales v. State, 170 So.3d 63, 68 (Fla. 1st DCA. 2015) (Bilbrey, J., concurring) (“Here,- the failure to make- a motion for judgment of acquittal on the- specific issue of premeditation is not obvious ineffective assistance of counsel because there was sufficient direct and circumstantial evidence of premeditation for the issue to go to the jury.”). In this case, I conclude that Ms. Stoddard would not have been entitled to an acquittal even if her attorney had made a model argument for acquittal.
But under the current law, following a direct appeal, when a postconviction court receives a motion alleging ineffective assistance of counsel in a case involving an attorney’s failure to make, an adequate motion for judgment of acquittal, the post-conviction court has no way to know for certain that the appellate court on direct appeal determined that the evidence was sufficient to overcome a proper motion for judgment of acquittal. The postconviction court is therefore usually compelled to peruse the entire trial transcript to determine if a proper motion would have been granted. It seems to me for many practical and due process reasons that the rule announced in Steinhorst should not apply to motions for judgment of acquittal. Instead, the sufficiency of the evidence to support a conviction should be reviewable de novo on direct appeal even when the motion for judgment of acquittal is inadequate.