# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D17-901
_____

ARTHUR BERNARD SOREY,

Appellant,

v.

STATE OF FLORIDA,

Appellee.

_____

On appeal from the Circuit Court for Escambia County.
W. Joel Boles, Judge.

August 10, 2018

PER CURIAM.

Appellant Arthur Bernard Sorey challenges his convictions and sentences for possession with intent to sell a controlled substance within 1,000 feet of a place of worship and possession of drug paraphernalia. The first two issues raised on appeal are affirmed without further comment. We write to address the third issue in which Sorey alleges trial counsel was ineffective on the face of the record for failing to move for judgment of acquittal, where the State failed to prove the offense was committed within 1,000 feet of a church which regularly conducted religious services.

Section 893.13(1)(e), Florida Statutes (2016), provides that it is unlawful for any person to "sell, manufacture, or deliver, or possess with intent to sell, manufacture or deliver, a controlled substance not authorized by law in, on, or within 1,000 feet of a

physical place for worship at which a church or religious organization regularly conducts religious services. . . ." As this Court noted in *Fletcher v. State*, 168 So. 3d 330, 331 (Fla. 1st DCA 2015), the statute in question has frequently been construed to require the State to prove that regular religious services were being held at the time of the offense. The instant case is almost identical to *Fletcher* with one important distinction. Unlike *Fletcher* trial counsel for Sorey failed to argue, as a basis for judgment of acquittal, that the State failed to prove the offense occurred within 1,000 feet of a place of regular worship.

Sorey now raises the issue on direct appeal as an ineffective assistance of counsel claim. The State argues this is not the proper vehicle for the challenge, and that Sorey is required to file a postconviction motion pursuant to Florida Rule of Criminal Procedure 3.850. We recognize that "[a]s a general rule, claims asserting ineffective assistance of defense counsel are not cognizable on direct appeal 'because the trial court never had the opportunity to consider the issue below, and the issue often involves collateral questions of fact that cannot be determined by the trial record,' alone." *Fox v. State*, 104 So. 3d 371, 371-72 (Fla. 1st DCA 2012) (quoting *Loren v. State*, 601 So. 2d 271, 272 (Fla. 1st DCA 1992)). "The 'rare' exception to this general rule exists where '(1) the ineffectiveness is apparent on the face of the record, and (2) it would be 'a waste of judicial resources to require the trial court to address the issue.'" *Id.* at 372 (quoting *Ellerbee v. State*, 87 So. 3d 730, 739 (Fla. 2012)).

Sorey relies on *Monroe v. State*, 191 So. 3d 395, 402 (Fla. 2016), in which the Florida Supreme Court held, "the failure of [defendant's] trial counsel to preserve the sufficiency of the evidence issue for appellate review constitute[d] ineffective assistance of counsel that is apparent from the face of this record." However, *Monroe* is limited to its facts and constitutes a rare example of ineffective assistance of counsel that should have been remedied on direct appeal. *Id.* at 404. In *Monroe*, the Florida Supreme Court found the failure of trial counsel to move for judgment of acquittal during or after trial was "patently unreasonable." *Id.* at 403. Furthermore, the court detailed, "[w]e can think of no plausible justification for these decisions of trial counsel, and during oral argument, neither could [defendant's]

2

appellate counsel nor the State." *Id.* Here, the facts do not constitute the rare circumstance where ineffective assistance of counsel is evident on the face of the record.

On appeal, Sorey does not raise a single claim of preserved error or even a claim that any error below was fundamental. The trial court is the more appropriate forum to present claims of ineffective assistance of counsel where evidence may be reviewed to determine why actions were taken or omitted by counsel. *McKinney v. State*, 579 So. 2d 80, 82 (Fla. 1991). An appellate court "normally considers the merits of ineffective assistance of counsel claims after a postconviction motion has been filed under the applicable rule of criminal procedure and ruled upon by the trial court following the completion of any necessary evidentiary proceedings." *Robards v. State*, 112 So. 3d 1256, 1266 (Fla. 2013). An appellant should not be permitted to circumvent the standard of fundamental error by claiming that the failure to raise the issues constitutes ineffective assistance, "which entails a different standard that could provide an easier path to reversal, and which deprives trial counsel of the opportunity to defend themselves against allegations of unprofessional conduct." *Latson v. State*, 193 So. 3d 1070, 1074 (Fla. 1st DCA 2016) (Winokur, J., concurring).

Accordingly, we affirm Sorey's conviction and sentence for possession with intent to sell a controlled substance within 1,000 feet of a place of worship. This does not preclude his ability to file a motion pursuant to rule 3.850.

JAY and M.K. THOMAS, JJ., concur; WINSOR, J., concurs with written opinion.

---

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

---

WINSOR, J., concurring.

Ineffective-assistance claims rarely succeed on direct appeal. To prevail, an appellant must show "indisputable prejudice,"

3

among other things. *Morales v. State*, 170 So. 3d 63, 67 (Fla. 1st DCA 2015). Here, Sorey has shown the possibility of insufficient evidence on a somewhat technical point, but he has not shown indisputable prejudice.

Sorey faced charges of possessing drugs "within 1,000 feet of a physical place for worship at which a church or religious organization regularly conducts religious services." *See* § 893.13(1)(e)2, Fla. Stat. And although a church pastor testified about regular services in the place at issue, the pastor neglected to say there also had been regular services months earlier, at the time of the offense. *See Fletcher v. State*, 168 So. 3d 330, 331 (Fla. 1st DCA 2015) (noting that the "statute has been construed to require the State to prove at trial that regular religious services were being held *at the time of the offense*" (emphasis added)). Sorey's counsel made no issue of this.

In *Monroe v. State*, on which Sorey relies, the Florida Supreme Court found "one of the rare examples in which the ineffectiveness of trial counsel is cognizable on direct appeal." 191 So. 3d 395, 404 (Fla. 2016). There had been a failure of evidence on a critical point (the victim's age), and although defense counsel "vigorously disputed" the age during closing arguments, counsel did not move for a judgment of acquittal. The Florida Supreme Court held that counsel's failure was inexplicable and caused "indisputable prejudice." *Id.* But the court reached that conclusion only after explaining that the State did everything it could to present the missing evidence: "Despite the best efforts of the State during trial, the prosecutor was unable to elicit testimony from [the victim] regarding the exact date that Monroe assaulted him." *Id.* at 403.

Here, there was no comparable effort. For all we know, had Sorey's counsel raised the issue of past religious services, the State would have reopened its case and called the pastor for one more question and answer. *Cf. Dees v. State*, 357 So. 2d 491, 491 (Fla. 1st DCA 1978) (noting trial court's discretion to allow State to reopen case after defense moves for judgment of acquittal). And for all we know, Sorey's counsel knew that—and therefore did not bother raising the issue. Accordingly, we have no record basis to label Sorey's counsel constitutionally ineffective or to find indisputable prejudice.

_____

Andy Thomas, Public Defender, and Kevin Steiger, Assistant Public Defender, Tallahassee, for Appellant.

Pamela Jo Bondi, Attorney General, and Virginia Harris, Assistant Attorney General, Tallahassee, for Appellee.