# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D17-850
_____

ALBERT STEPHENS,

    Appellant,

    v.

STATE OF FLORIDA,

    Appellee.

_____

On appeal from the Circuit Court for Leon County.
Angela C. Dempsey, Judge.

May 16, 2019

WINSOR, J.

After a burglary in Tallahassee's Capital City Country Club neighborhood, Albert Stephens was charged with grand theft and burglary of a dwelling. He was convicted and sentenced to prison. This is his appeal.

The evidence at trial showed that someone forcibly entered the victims' home and stole electronics and other items. A golf course employee had reported suspicious men and an unfamiliar car outside the home, and police issued a BOLO for the car and men. Officers promptly found a car matching the description at a nearby gas station, but the car sped off when officers approached. A man then exited the gas station and briefly ran after the car, waving his arms and yelling for it to stop. When officers ordered

that man to stop, he fled on foot. Officers apprehended the man, who turned out to be Stephens. Surveillance video showed that Stephens had been in the car before police arrived and had gone inside the store to pay for gas. The car (which had been stolen) was quickly found abandoned. Stolen electronics were inside the car, as were socks with Stephens's DNA. A sock was also found in the yard at the crime scene, but DNA testing on it was inconclusive.

Stephens's first argument on appeal is that his counsel was ineffective. Specifically, he argues that his counsel should have moved for a judgment of acquittal relating to the value of the stolen property. The grand-theft conviction required proof that the property at issue was worth at least $100, *see* § 812.014(2)(d), Fla. Stat., and the jury found that it was. Stephens argues that the evidence was such that no reasonable juror could have made that finding[*]—and that had counsel made an appropriate motion, the court would have acquitted as to grand theft.

Generally, claims of ineffective assistance of counsel are not cognizable on direct appeal. *Sorey v. State*, 252 So. 3d 853, 855 (Fla. 1st DCA 2018). There are rare exceptions to this general rule, *see Monroe v. State*, 191 So. 3d 395, 404 (Fla. 2016), but no exception applies here. To succeed with an ineffective-assistance-of-counsel claim on direct appeal, the appellant must demonstrate "indisputable prejudice," among other things, *Morales v. State*, 170 So. 3d 63, 67 (Fla. 1st DCA 2015), and Stephens cannot do that. Even assuming the evidence was insufficient to support the conviction—an issue we need not reach—there would not be indisputable prejudice unless it was clear the State could not have cured any insufficiency by reopening the case and presenting additional evidence. *See Sorey*, 252 So. 3d at 856 (Winsor, J., concurring); *see also Corzo v. State*, 806 So. 2d 642, 645 (Fla. 2d DCA 2002) (holding that "failure to move for a judgment of

---

[*] The evidence included, among other things, victim testimony that the stolen property included a two-year-old television bought new for "about $700," a Nintendo Wii that was "probably three years old" and purchased for "about 199," a laptop that was "two or three years old," originally purchased for around $1,200, and a gift card with "about $25, $30" on it.

acquittal when the State has not proved an essential element of its case, *when it is clear that the State could not reopen its case to prove that essential element*, amounts to ineffective assistance of counsel that may sometimes be adequately assessed from the record on direct appeal" (emphasis added)). Stephens's ineffective-assistance claim, then, will have to wait for an appropriate postconviction proceeding.

Stephens next argues that the court erred in giving a principal instruction, an issue we review only for an abuse of discretion, *see Langston v. State*, 789 So. 2d 1024, 1026 (Fla. 1st DCA 2001) (noting standard of review for jury-instruction issues). The court instructed the jury that "[i]f the defendant helped another person or persons commit or attempt to commit a crime, the defendant is a principal and must be treated as if he had done all the things the other person [] did," so long as Stephens "had a conscious intent that the criminal act be done" and did something to "cause, encourage, assist, or advise the other person or persons to actually commit or attempt to commit the crime." *See* Fla. Std. Jury Instr. (Crim.) 3.5(a). It is error to give this instruction if no evidence supports the principal theory. *Banks v. State*, 219 So. 3d 19, 32 (Fla. 2017). Here, though, there was no error because there was evidence that Stephens acted in concert with another in committing the burglary. A witness saw two men by the house, one coming from behind the home, the other watching the witness. (The witness also saw someone moving around inside the house around the same time.) There was evidence of forced entry and stolen items. Evidence showed Stephens had been in the car (in which stolen property was found), fled on foot immediately thereafter when officers approached the car, and had been wearing socks found in the car. There was enough evidence to justify the principal instruction.

Stephens's third argument is that the court should have granted a judgment of acquittal as to grand theft. We review this issue de novo. *Pagan v. State*, 830 So. 2d 792, 803 (Fla. 2002). Stephens contends that all evidence against him was circumstantial and that the State did not present evidence inconsistent with his theory of innocence. *See Hodgkins v. State*, 175 So. 3d 741, 746 (Fla. 2015) ("Where the only proof of guilt is circumstantial, no matter how strongly the evidence may suggest

guilt, a conviction cannot be sustained unless the evidence is inconsistent with any reasonable hypothesis of innocence." (quoting *Thorp v. State*, 777 So. 2d 385, 389 (Fla. 2000))). Here, Stephens's theory of innocence was that the car's driver picked him up after the burglary—that while he happened to be in the car when officers approached, he had not participated in the burglary. At least two pieces of evidence are inconsistent with this theory. First, Stephens fled after officers approached, and fleeing is consistent with recent participation in a crime. Second, the evidence showed that very little time passed between the burglars' departing the home and the officers' apprehending Stephens.

Stephens argues that there was enough time to pick up a passenger and that it was logical to flee even if he had not participated in the crime. And it is true that neither of these facts conclusively disproves Stephens's theory of innocence. But there was enough to deny the motion for judgment of acquittal. "Under the circumstantial evidence standard, when there is an inconsistency between the defendant's theory of innocence and the evidence, when viewed in a light most favorable to the State, the question is one for the finder of fact to resolve and the motion for judgment of acquittal must be denied." *Durousseau v. State*, 55 So. 3d 543, 557 (Fla. 2010); *see also id.* ("The state is not required to rebut conclusively every possible variation of events which could be inferred from the evidence, but only to introduce competent evidence which is inconsistent with the Defendant's theory of events." (marks omitted) (quoting *State v. Law*, 559 So. 2d 187 (Fla. 1989)).

Finally, we reject Stephens's argument that there was insufficient evidence to support the burglary conviction. As with the grand theft conviction, there was enough evidence, and it was up to the jury to decide whether to accept Stephens's theory of innocence.

AFFIRMED.

LEWIS and M.K. THOMAS, JJ., concur.

4

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____


Joseph C. Bodiford and Gannon M. Coens of Bodiford Law, PA, Tallahassee, for Appellant.

Ashley Moody, Attorney General, and Julian Markham, Assistant Attorney General, Tallahassee, for Appellee.