FIRST DISTRICT COURT OF APPEAL
STATE OF FLORIDA
_____

No. 1D2022-3155
_____

WILLIAM KIEFER BRADLEY EGAN,

  Appellant,

  v.

STATE OF FLORIDA,

  Appellee.

_____


On appeal from the Circuit Court for Bay County.
Timothy Register, Judge.


January 17, 2024

RAY, J.


A jury convicted William Kiefer Bradley Egan of two counts of aggravated assault on a law enforcement officer with special findings that he possessed a firearm during the commission of the crimes (counts I and II) and possession of a bulletproof vest while committing the aggravated assaults (count III). The trial court adjudicated him guilty on all counts and sentenced him to fifteen years in prison on each of counts I and II and five years in prison on count III.

On appeal, Egan argues that the trial court erred by denying his motion for judgment of acquittal on count III and by imposing a $100 cost of prosecution without a request from the State. We affirm his judgment and sentence in all respects.

To begin, we find that the argument raised on appeal as to the denial of his motion for judgment of acquittal has not been properly preserved for appellate review by this court. Thus, it is waived.

Section 775.0846(2), Florida Statutes, proscribes the possession of a bulletproof vest while a person commits one of various felonies, including aggravated assault, and "such possession is in the course of and in furtherance of any such crime." At the close of the State's case at trial, defense counsel moved for a judgment of acquittal on all counts. The argument presented to the trial court on count III was that the State failed to prove a predicate offense:

> [T]hey have failed to prove the main charge on Counts I and II of aggravated assault of a law enforcement officer in that the facts and circumstances that have been testified to don't indicate that any weapons that were definitively fired at, towards or near either officer. The facts may support a lesser included charge of improper exhibition of a firearm, but not the main charge alleged. And based on that, Count III would also fail because he would not be—have been engaged in the main charge and, therefore, wearing a vest would not be illegal under those circumstances.

Egan now argues that the trial court erred in denying his motion for judgment of acquittal on count III because the State failed to prove that he wore a bulletproof vest "in furtherance of" committing an aggravated assault on a law enforcement officer. Contrary to his argument at trial, his argument on appeal presupposes that he committed the aggravated assaults and instead claims there was a lack of evidence that his act of wearing a bulletproof vest furthered, advanced, or assisted the commission of the crimes. He points to his testimony at trial that he wore the vest "[a]ny time [he] went out" and submits that this odd habit did nothing to further or escalate his encounter with law enforcement. Without proof of mens rea, he argues that his conviction on count III cannot be sustained based on mere possession of the bulletproof vest alone.

Egan's appellate argument is based on an entirely different theory than the one he advanced at trial. It is therefore not

2

preserved for our review. *See Morales v. State*, 170 So. 3d 63, 66 (Fla. 1st DCA 2015) ("Appellate courts have repeatedly declined to review the denial of a motion for judgment of acquittal where the motion failed to make the specific argument raised on appeal."); *see also Steinhorst v. State*, 412 So. 2d 332, 338 (Fla. 1982) (explaining that "in order for an argument to be cognizable on appeal, it must be the specific contention asserted as legal ground for the objection, exception, or motion below").

Egan next argues that the trial court erroneously imposed a $100 cost of prosecution under section 938.27, Florida Statutes, without first receiving a request from the State. This argument was preserved through his motion to correct sentencing error filed under Florida Rule of Criminal Procedure 3.800(b)(2). But as this Court has recently explained, "the [$100] cost for the state attorney is a minimum cost that is mandated by subsection (8) and not an 'investigative' cost incurred by an agency, as described in § 938.27(1), which can only be imposed 'if requested' by the agency." *Parks v. State*, 371 So. 3d 392, 392–93 (Fla. 1st DCA 2023). Thus, the State need not request the cost. *Id.* at 393.

AFFIRMED.

BILBREY and LONG, JJ., concur.

———————————————

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

———————————————

Robert David Malove, The Law Office of Robert David Malove, P.A., Ft. Lauderdale, for Appellant.

Ashley Moody, Attorney General, and Julian E. Markham, Assistant Attorney General, Tallahassee, for Appellee.